34077.  COX *et al. v.* BOHANNON *et al.*

DECIDED MAY 20, 1952—REHEARING DENIED JUNE 4, 1952.

*Grayson C. Powell*, for plaintiffs in error.

TOWNSEND, J. (After stating the foregoing facts.) ■ Error is assigned in the bill of exceptions on the ground that the report of the Welfare Department was not made accessible for examination by the plaintiffs in error or their counsel. However, the bill of exceptions does not recite what effort, if any, was made by the plaintiffs to examine the report. Code (Ann.

Supp.) § 74-419 relating to the preservation of records in adoption proceedings provides in part as follows: "The records of the court granting the adoption and of the State Department of Public Welfare and of the State Department of Public Health shall be kept sealed and locked and can only be examined when after written petition has been presented to the court having jurisdiction of adoptions, the said court has passed an order permitting such examinations. The records of adoptions shall not be open to the general public for inspection. Only the parties at interest in the adoption, their attorneys and/or representatives of the State Department of Public Welfare shall have the right to examine such records, and then only when good cause has been shown in writing to the court and an order passed thereon, as hereinbefore provided in this section."

It not appearing from the record that any application in writing was made in terms of the statute, this assignment of error is without merit.

2. Error is also assigned in the bill of exceptions on the ground that the trial court erred in considering the report of the Welfare Department, which had not been introduced in evidence and was not a part of the evidence in the case. It is contended that by so doing the court deprived the plaintiffs of their right to examine the witnesses against them, to ascertain and controvert the alleged evidence upon which the adverse decision was rendered, and to defend against the adverse recommendations in violation of their constitutional rights. With this contention the court is in entire sympathy. The Supreme Court in *Moody v. Gilbert*, 208 *Ga.* 784 (69 S. E. 2d, 874), reversing the judgment of the trial court in a child-custody case because such judgment was based upon information obtained by the trial court from the juvenile court to which the case had been referred for investigation and recommendation, held that "fundamental to our system of jurisprudence is the right of a party litigant to be confronted with those who testify against him; and respect for judgments and decrees will not survive its abrogation." Had the question of the constitutionality of the statute, making it the duty of the court to consider the recommendations contained in the report of the Welfare Department, been attacked as being in violation of the due-process clause of our Constitution,

238

the trial judge might have held such provisions unconstitu-
tional, and confined his decision to the evidence in the record
before him. No such attack was made, however, and the ques-
tion of the constitutionality of the statute, may not be raised for
the first time on appeal in this court. *Daniel* v. *Jones,* 146 *Ga.*
583 (91 S. E. 665); *Loftin* v. *Southern Security Co.,* 162 *Ga.*
730 (134 S. E. 760). Statutes are to be presumed valid where
their validity is not attacked. *Hogg* v. *City of Rome,* 189 *Ga.*
298 (6 S. E. 2d, 48).

The statute relating to the adoption of children is perfectly
clear that it was the intention of the legislature to provide the
judge at the interlocutory adoption hearing with information
obtained from investigation by the Welfare Department, for
his consideration in deciding the issues. Code (Ann. Supp.)
§ 74-409 provides in substance that, prior to such hearing, it
shall be the duty of the clerk of the court to which the petition
is addressed to forward a copy of the petition to the Welfare
Department with a request for report and investigation. Code
§ 74-410 provides that upon this being done it shall be the duty
of the department to verify the allegations of the petition, to
make a complete and thorough investigation, and to report its
findings and recommendations in writing to the court, and, if
for any reason the department is unable to make such report,
it is to notify the court in order that the court may take such
other steps as in its discretion are necessary to have the entire
matter investigated. Code § 74-411 lists in detail the contents
of the report. Section 74-413 provides in part: "The court at
such time *shall* give consideration to the investigation report
and to the recommendations therein contained, if such a report
has been made." Thus it appears that, while the legislature
invested the trial judge with the utmost discretion in deciding
the child's best interests to his own satisfaction, it included the
mandatory provision that the judge should give consideration
to the recommendations of the State Department of Public
Welfare in so doing. It follows, therefore, that the trial judge
did not err in considering the investigation report.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*