## 44479.  HIOTT v. DUNCAN.

BELL, Presiding Judge.  Alma Hiott, paternal grandmother of three children, filed a petition for adoption of the children

with the father's consent. The mother being deceased, the Juvenile Court of Floyd County had committed the children to the custody of Mrs. C. H. Duncan, their maternal grandmother, who filed objections to the application for adoption. On the day scheduled for a hearing on the application an informal discussion was held by the parties and the judge in the judge's chambers while waiting for a court reporter to transcribe the evidence. The matter was then continued, without hearing any evidence, to a later date. Petitioner appeared at the call of the case on the assigned date. Counsel for the objector stated at that time that the objector was not ready. Of its own motion the court then entered an order denying the application. No evidence was allowed, and no consideration was given to the report from the State Department of Family and Children Services. *Held:*

Section 11 of an Act of 1941 (Ga. L. 1941, p. 300 as amended by Ga. L. 1966, pp. 212, 213) provides: "Upon the date appointed by the court for a hearing of the petition for final adoption . . . the court shall proceed to a full hearing on the petition and the examination of the parties at interest in chambers, under oath. . . The court at such time shall give consideration to the investigation report [of the Department of Family and Children Services] and the recommendations therein contained, if such report has been made." In matters of adoption the superior court has a very broad discretion which will not be controlled by the appellate courts except in plain cases of abuse, but that discretion is a legal discretion. *Johnson v. Strickland,* 88 Ga. App. 281, 283 (76 SE2d 533). A proper discretion will in no case arbitrarily deprive a litigant of rights which he has under the law. *Bond v. Norwood,* 195 Ga. 383, 387 (24 SE2d 289). While the legislature invested the trial judge with the utmost discretion in deciding a child's best interests, it imposed upon the judge the mandatory requirement of considering sworn testimony and the investigation report if made. See *Cox v. Bohannon,* 86 Ga. App. 236, 238 (71 SE2d 440). It was an abuse of discretion to deny the application for adoption without a full hearing as provided by statute.

*Judgment reversed. Eberhardt and Deen, JJ., concur.*

Submitted May 29, 1969—Decided July 16, 1969.

Adoption. Floyd Superior Court. Before Judge Scoggin.

*Harl C. Duffey, Jr., James A. Robbins, Jr.,* for appellant.
*Hamilton, Anderson & Minge, George Anderson,* for appellee.