48257. PERRY v. THOMAS et al.

PANNELL, Judge. The petition for adoption, sworn to October 7, 1971, and filed October 17, 1972, alleged the petitioners were married to one another and living as husband and wife; that they were of good moral character and were financially and physically able to assume the responsibility for the support, care, maintenance and education of the minor child sought to be adopted, and now residing with the petitioners to whom the custody of the child was voluntarily surrendered and whose adoption by the petitioners had been consented to by the mother, the child being illegitimate, which consent in writing, dated September 30, 1971, was attached to the petition. Rule nisi issued setting the hearing for January 19, 1973. The mother of the child filed her objections to the adoption, entitled in the cause, alleging that she had not freely and voluntarily consented to the adoption of the child by the petitioners; that the alleged consent form signed on September 30, 1971, attached to the petition, was in fact not her consent in that she was misled as to the purpose and the meaning of the form by one of the petitioners, and did not understand the effect of the signing of the form; and that the circumstances of the situation had changed since the signing of the said alleged consent. She further alleged that she does not consent to the adoption and that it would not be in the best interest of the child for her to be adopted and that the petitioners were not persons of good moral character and cannot provide a suitable home for the child. The objecting mother filed a request in writing to examine the report of the Department of Family & Children Services required to be submitted to the trial judge and to be considered by him, claiming that she needed the contents thereof for the purpose of preparing her defense and so that she might be given an opportunity to rebut or dispute any information or facts in the report. A motion also was made to dismiss the petition because one of the petitioners was not present. Both motions were overruled. At the conclusion of the hearing the trial judge entered an order reciting that he had heard evidence and had considered the investigation report by the Department of Family & Children Services of the State of Georgia, "and no sufficient cause being shown why said adoption

should not be made final," he entered an order decreeing the adoption of the minor child by both of the petitioners. The mother appealed from this order. *Held:*

1. The trial judge did not err in overruling the motion to dismiss the case because one of the petitioners was not present.

2. Code § 74-414 provides that on the hearing for adoption "The courts shall proceed to a full hearing on the petition and the examination of the parties at interest in chambers, under oath, with the right of adjourning the hearing and examination from time to time as the nature of the case may require." The trial court erred in rendering the order of adoption without examining one of the petitioners under oath as required by this Section. *Hiott v. Duncan,* 120 Ga. App. 131, 132 (169 SE2d 691).

3. "In all actions in Superior Court tried upon the facts without jury, except actions involving only uncontested divorce, alimony and custody of minors, the court shall find the facts specially and state separately its conclusions of law thereon and the judgment shall be entered pursuant to Section 81A-158; and in granting or refusing interlocutory injunction the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Request for findings are not necessary for purposes of review." Ga. L. 1969, pp. 645, 646, amending the Civil Practice Act and enacting a "Code Section 81A-152," as amended by Ga. L. 1970, pp. 170, 171. It appears, therefore, that the provision of Section 81A-152 of the Civil Practice Act applies to an adoption proceeding, it not being among any of the exceptions noted therein. Even should it be considered a custody case, it was not uncontested. The order of the trial judge granting the adoption after a hearing in which the mother of the child controverted the allegations of the petition for adoption and showed by her testimony, which, if believed, would show that her consent was improperly obtained, contains no finding of fact as to this issue, nor as to the moral fitness of the petitioners, the evidence shows they were not legally married, nor as to any of the other issues made by the allegations of the petition and the objections thereto and by the evidence. That portion of the order reciting "no sufficient cause being shown why said adoption should not be made final" is a mere legal conclusion and is not supported by any findings of fact. Some of the evidence, if believed, constituted sufficient cause for the exercise of a sound legal discretion in denying the adoption. The requirement as to the findings of fact required by the statute is mandatory. *Spivey*

*v. Mayson,* 124 Ga. App. 775 (186 SE2d 154). There being a complete absence of findings of fact, the ruling in Division 3 of *Faucette v. Faucette,* 228 Ga. 201, 202 (184 SE2d 586) has no application.

4. In overruling the mother's application to examine the report of the Department of Family & Children Services the trial judge ruled that this report was, as a matter of law, for the trial judge only. In this, he erred. *Cox v. Bohannon,* 86 Ga. App. 236 (1) (71 SE2d 440). Whether in the exercise of sound legal discretion he could have refused the application filed on the day of the hearing or whether the application set forth "good cause" for examination of the report are not matters ruled upon by the trial judge, and as the case is being reversed for other reasons, we do not rule thereon.

*Judgment reversed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED JUNE 1, 1973 — DECIDED JUNE 28, 1973.

*Eric G. Kocher, John L. Cromartie, Bettye H. Kehrer,* for appellant.

