## 57902. KILGORE v. DEPARTMENT OF HUMAN RESOURCES.

BANKE, Judge.

This appeal is from an order of the Juvenile Court of Decatur County terminating appellant's parental rights to her three minor children. The Department of Human Resources first became involved in the affairs of appellant and her children in June of 1975, when appellant was serving a sentence for writing bad checks. Her two children, age 3 years and age 11 months, had been left in the care of their invalid grandmother in conditions described as filthy and unhealthy. A department caseworker found the 3-year old dressed only in a disposable diaper and not toilet trained. Her eyes were encrusted and sore. The 11-month old was similarly dressed and appeared retarded. The department removed the children to a foster home, where they improved considerably.

In November 1975 appellant gave birth to a third child while in prison. This child was placed under foster care until after appellant's release from prison in early 1976, when he was returned to her. Investigation revealed that appellant and her mother then lived with the youngest son in a very small trailer which had defective wiring and lacked hot water. There was no sewage hook-up, a condition which allowed waste from the trailer to run directly on the ground, and living conditions were generally described as being worse than those discussed previously. During the period, appellant spent much of her time in Bainbridge with a boyfriend.

In February 1976 appellant was again arrested on

bad-check charges and returned to prison. Her youngest child was returned to foster care. Appellant was again released from prison in December 1976 but did not see her children until February 1977, after being contacted by a caseworker. At this time appellant was living with a man with a drinking problem. She married this person in August 1977, despite having had him arrested for assault the previous month. From the time of her latest release from prison until December 1977, appellant held five different jobs.

At the final hearing on this termination proceeding, appellant was not present. A letter from her, which was presented at court by her husband, indicated that she was traveling with a new boyfriend in Canada, Ohio, and Kansas. Psychological examination of appellant in 1977 revealed an antisocial personality with patterns of poor judgment that bring her into conflict with institutions such as the legal system and family. This diagnosis was similar to one made four years earlier. A psychologist testified at the hearing that improvement in such a condition generally takes several years and requires very high motivation. *Held:*

1. Code Ann. § 24A-3201 (a) provides that "[t]he court by order may terminate the parental rights of a parent with respect to his child if . . . the child is a deprived child and the court finds that the conditions and causes of the deprivation are likely to continue or will not be remedied and that by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm . . ."

"There can scarcely be imagined a more fundamental and fiercely guarded right than the right of a natural parent to its offspring." *Nix v. Dept. of Human Resources,* 236 Ga. 794, 795 (225 SE2d 306) (1976). However, "[a] termination hearing seeks above all else the welfare of the child, with due regard for the rights of the . . . parents." *In re Levi,* 131 Ga. App. 348, 352 (206 SE2d 82) (1974). In this case the evidence of record is clearly sufficient to support the trial court's order of termination. Accord, *Banks v. Dept. of Human Resources,* 141 Ga. App. 347 (233 SE2d 449) (1977).

2. Appellant also assigns as error the trial court's

denial of her request to see certain notes in the possession of a Department of Family and Children's Services caseworker who testified as a witness. She cites *McNabb v. Carver*, 242 Ga. 526 (250 SE2d 447) (1978) as support for her contention that she was entitled to see the notes. That case, however, dealt with a Department of Family and Children Services report which was submitted to the trial court. The notes at issue in this case were never submitted to the court but were merely used by the caseworker to refresh her memory as to a date relevant to her testimony. For this reason, *McNabb* is inapposite and does not require a reversal in this case.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

SUBMITTED MAY 3, 1979 — DECIDED JULY 10, 1979 — REHEARING DENIED JULY 26, 1979 —

*B. T. Edmonds,* for appellant.

*Roy M. Lilly, Jr., Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Assistant Attorney General,* for appellee.