## 59198. GILL v. CATRETT.

Birdsong, Judge.

Adoption and termination of parental rights. The pertinent facts of this case show that Robert and Elizabeth Gill were divorced. One son, Sean, had been born of their marriage. The Gills were divorced in Arkansas in August, 1976. However, they attempted a reconciliation after the divorce for about a year but did not remarry. Robert Gill was required to pay $80 monthly for the support of Sean as a result of the original decree but made no payments

thereunder either during the attempted reconciliation or thereafter. In December, 1977, the decree was modified (in Arkansas) to require payments of $25 per week as child support. Gill paid his ex-wife a total sum of $325 in sporadic and unequal amounts of $25 to $200 during the period from December, 1977 until March 28, 1978. In June, 1978, Gill sent his wife a check for $400 (marked for child support) which he contends was for child support payments. Mrs. Catrett (the ex-Mrs. Gill) contended that it was half of the proceeds of the sale of a boat that the original divorce decree required to be sold and the proceeds therefrom divided equally. All child support payments were required to be paid into chancery court and thence to Mrs. Catrett. However, this particular $400 amount was paid directly by Gill to his attorney and thus to Mrs. Catrett rather than through the court. After this payment in June, 1978, Gill made no further payments for any reason, until after this suit was filed in July, 1979. Additionally there was evidence that Gill made numerous telephone calls to Georgia. Gill maintained that these calls were evidence of his good faith attempts to keep contact with his son. Other evidence indicated that the calls were mostly directed to Catrett and members of his family and were harassing in nature. The applicant for adoption, Ernest Catrett, the present husband of Elizabeth Catrett, sought to adopt Sean, providing the court with the consent of the natural mother, his wife, and urging that the consent of Robert Gill, the natural father, was not required because by his actions Robert Gill had wilfully abandoned his son for more than a year. Following a hearing on all these contested issues of fact, the trial court concluded that Robert Gill was able physically to support his son, but had refused to do so for over fourteen months; that money paid during the year of non-support was a result of the sale of the boat and not bona fide child support payments; that the telephone calls did not evince an attempt to maintain contact with the boy but were harassing and threatening calls; and that the totality of the evidence supported a conclusion that the natural father had wilfully, wantonly and intentionally failed to pay child support as required by court order. The court concluded in its order that the consent of the father

was not required because of the abandonment by the father. The trial court thus terminated the parental rights of Robert Gill and granted the adoption of Sean to the applicant Ernest Catrett. Robert Gill brings this appeal basically contesting each of the findings of the trial court and the resultant order. *Held:*

The appellant Gill enumerates twelve separate asserted errors. Each of these enumerations basically addresses itself to the ultimate conclusion of the trial court that Gill had wilfully, intentionally and without justifiable cause abandoned his four-year-old son by showing a lack of interest in his welfare and refusing to provide for support as required by court order. Because of this alleged erroneous conclusion of abandonment, the appellant further argues the trial court erred in terminating his (Gill's) parental rights and in granting adoption to the applicant Ernest Catrett over Gill's objection.

In substance Gill does not present this court with any arguments that as a matter of law the trial court erred in its order but argues that the facts are contrary to the court's conclusions of law. With reference to actions tried upon the facts without a jury, it has been held consistently that even though the findings of fact contended for by the appellant would have been authorized by the evidence presented on the trial, yet, where the facts found by the trial court were authorized by the evidence such findings will not be set aside. *Williams v. Mathis,* 237 Ga. 305, 306 (227 SE2d 378); *Brook Forest Ent. v. Paulding County,* 231 Ga. 695 (203 SE2d 860). We find such to be true in this case. Thus, we are willingly bound by the rule that in the absence of legal error, an appellate court is without jurisdiction to interfere with a verdict supported by some evidence even where the verdict may be against the preponderance of the evidence. *Thompson v. Hill,* 143 Ga. App. 272, 276 (238 SE2d 271).

We have examined each of appellant's separate enumerations on their own merits as well as being constituent parts of the abandonment, termination of parental rights and grant of adoption over objection. These enumerations present a variety of rulings which are claimed to be harmful error. None of these enumerations

individually warrants discussion. Suffice it to say that each, having been examined on its own merits, is found to be without merit. *Lindsey v. Guhl,* 237 Ga. 567, 575 (229 SE2d 354). See *Beverly v. Kennedy,* 153 Ga. App. 149.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED JANUARY 11, 1980 — DECIDED MARCH 5, 1980.

*Thomas L. Kirbo, III,* for appellant.
*William C. Peters,* for appellee.