### 60963. McHUGH v. DEPARTMENT OF HUMAN RESOURCES.

SHULMAN, Presiding Judge.

Appellant brings this appeal on the general grounds from an order of the Juvenile Court of Cobb County terminating his parental rights in the minor children P. D. M. and K. J. M. We are cognizant of the severity of and sorrow fostered by such a termination, but, since appellant has failed to show cause for reversal of the juvenile court's determination, we affirm that judgment.

Appellant's complaint that there was no evidence to authorize a number of the court's findings of fact is not supported by the record.

Although challenged, there was evidence that appellant had a chronic alcohol problem; that he wilfully failed to attend regularly an alcohol rehabilitation program upon order by the State Court of Cobb County; that appellant exhibited an erratic work record throughout his adult life and failed to maintain steady, gainful employment; that on several occasions appellant had to relocate his family because of evictions for nonpayment of rent or for disturbances on the premises; that appellant exhibited an inability to live alone and support himself; that the minor children spent the majority of their lives being supported and provided for by the Cobb County Department of Family and Children Services; that appellant failed to provide his children with adequate food, clothing, and shelter; that appellant's residence with his parents in a two-bedroom trailer home was inadequate for the children; that appellant earned approximately $3,000 in 1978, and less in 1977; that on several occasions food had to be provided by relatives or foster care as a result of appellant's abuse of alcohol and failure to provide food; and that appellant did not state plans for the care of his children other than that he would try to work a regular job as well as his salvage job.

"In substance [appellant] does not present this court with any arguments that as a matter of law the trial court erred in its order but

argues that the facts are contrary to the court's conclusions of law. With reference to actions tried upon the facts without a jury, it has been held consistently that even though the findings of fact contended for by the appellant would have been authorized by the evidence presented on the trial, yet, where the facts found by the trial court were authorized by the evidence such findings will not be set aside. [Cits.]" *Gill v. Catrett,* 153 Ga. App. 726, 728 (266 SE2d 362).

Inasmuch as the court determined on the basis of the evidence presented at the hearing that the minor children P. D. M. and K. J. M. were deprived — that appellant failed to provide them with the financial, physical, moral and emotional support required by law, and that the conditions and causes of such deprivation are likely to continue, and "that by reason thereof the children are suffering and [would] probably suffer serious physical, mental, moral and emotional harm if returned to [appellant]," the court was authorized to terminate appellant's parental rights. See Code Ann. § 24A-3201 (a) (2). That being so, finding no error in the judgment of the court for any reason assigned, the judgment of the juvenile court terminating appellant's parental rights must be affirmed.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED JANUARY 9, 1981.

*Ralph Gerald Walker,* for appellant.

*Arthur K. Bolton, Attorney General, Vivian Davidson Egan, Robert J. Grayson, Assistant Attorneys General, Richard H. Still, James G. Bodiford,* for appellee.