### 61193. BARKLEY et al. v. PAINTER.

DEEN, Presiding Judge.

Gladys and Lewis Barkley filed a petition to adopt their three-year-old grandson. Consent to the adoption was given by the child's father, appellants' son, who is currently serving a life sentence for the homicide of the child's mother. Elizabeth Painter, the child's maternal aunt, who has temporary custody of the child under a juvenile court order, filed an objection to the adoption proceeding which was dismissed by the court because she had no standing. At the hearing on appellants' petition, Mrs. Painter's attorney was permitted to appear as a friend of the court, object to the adoption, and to call witnesses.

The evidence showed that appellant Gladys Barkley is 50 years old, the mother of six grown children, works as a nurse's assistant in a nursing home on the 3-11 p.m. shift and alternate weekends, and earns $500 per month. She is unable to drive a car and relies upon her husband to drive her back and forth to work. She testified that her husband is unable to physically care for the child, but she would be willing to change her working hours if she was permitted to adopt her grandson. If she continued working the 3-11 p.m. shift either a neighbor (whom she described as "a real nervous person") or her

seventeen-year-old daughter who is the mother of an infant would have to babysit the child.

Appellant Lewis Barkley is 55 years old, is totally disabled because he suffers from asthma and emphysema, draws $412 per month in Social Security disability benefits, and has been hospitalized many times. He has been instructed by his doctor not to drive an automobile while under the influence of his required medication and not to lift anything over 25-30 pounds. He admitted he "just can't get his wind and gets out of breath" and has been given no hope of recovery from his emphysema.

As to the Barkleys' financial ability to provide for the child, Mrs. Barkley was questioned about the difficulty they had had between 1974 and 1977 in paying her husband's hospital bills. She admitted they had had problems in paying these bills and stated, "I paid as much as I could until we got his social security straightened out." When Mr. Barkley was questioned about a $336 unpaid hospital bill, he claimed that the bill was paid and that he had a receipt. An Assistant Administrator for the Villa Rica Hospital, however, testified that appellants were able to pay only ten dollars towards an unpaid hospital bill of $336 over the past five or six years and that the hospital still expected payment of the balance.

Testimony was also heard as to the 15-year-old mobile home in which appellants live that has been partially remodelled but which appellants have been unable to complete.

After considering the evidence, the court found that Lewis Barkley is disabled, that his illness has caused numerous hospital bills to be incurred that have been difficult for the Barkleys to pay, that the child is presently located in a stable condition where he is receiving competent and good care and that the child has been subjected to numerous legal battles about his custody and that it is not in the best interest of the child to approve the adoption.

1. In the adoption case, the trial judge sits as both judge and jury and is vested with a broad range of legal discretion. "The purpose of the hearing upon the petition of adoption is to determine the disposition of that petition which is in the best interest of the child. In the case sub judice the only questions before the court in a proceeding for the adoption of a child are: (1) Does the surviving natural parent ... consent to the adoption of the child; (2) Is the adopting parent worthy and able to care for the child; and (3) Is the adoption for the best interest of the child? 'The court is not required to declare the adoption unless all three of these factors unequivocally appear.' *Herrin v. Graham,* 87 Ga. App. 291, 292 (73 SE2d 572); *Johnson v. Eidson,* 235 Ga. 820, 825 (221 SE2d 813)." *Hester v. Mathis,* 147 Ga. App. 257, 258 (248 SE2d 538) (1978).

In applying these questions to the present case, the first requirement is satisfied, but the second two are not. There is clear evidence that Mrs. Barkley is required to support herself at a job that requires late and irregular hours, that her income when combined with Mr. Barkley's disability income may not be sufficient to pay their bills without the additional financial burden of a small child, that Mr. Barkley is unable to assist in the care of the child and Mrs. Barkley would have to arrange for a babysitter as best she could while she was working and if she continued to work the 3-11 p.m. shift she would have to arrange for a sitter to stay with the child while her husband drove her back and forth to work. As the trial court is fully aware of the needs of an active three-year-old child and the possibilities of an emergency during which Mr. Barkley would either have to care for the child or lift him, it is clear that the trial court did not abuse its discretion in denying the adoption petition. This discretion will not be controlled by appellate courts except in plain cases of abuse. *Hiott v. Duncan,* 120 Ga. App. 131 (169 SE2d 691) (1969).

2. Appellant also contends that there was no evidence to support the finding of the court that the child is presently located in a stable condition where it is receiving competent and good care. Even if the trial court erred in making this finding (which is probably supported by the evidence which shows that the child was placed in the custody of its aunt by the juvenile court), this enumeration cannot be the basis for a reversal of the court's order because it does not go to the three factors required of the court's consideration as set forth in Division 1 of this opinion.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 28, 1981.

*Charles A. Thomas, Jr.,* for appellants.
*James R. Osborne,* for appellee.