62084. GRIFFITH v. GEORGIA DEPARTMENT OF HUMAN RESOURCES.

CARLEY, Judge.

Appellant appeals from an order of the Juvenile Court of DeKalb County finding her child to be "deprived" within the meaning of Code Ann. § 24A-401 and terminating her parental rights to the child pursuant to Code Ann. § 24A-3201 (a) (2). Appellant's sole enumeration of error asserts that "[t]he Trial Court failed to make explicit, appropriate or sufficient findings of fact and conclusions of law and ... the evidence does not support the judgment of termination when viewed in the light of standards provided by statute and case law for the termination of parental rights."

An order terminating parental rights must contain explicit findings supporting the conclusions that: "(1) the child is deprived ..., and (2) the conditions and causes of the deprivation are likely to continue or will not be remedied, and (3) by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm." *Crook v. Ga. Dept. of Human Resources,* 137 Ga. App. 817, 818 (224 SE2d 806) (1976). " ' [I]t is not proper to consider the question of termination of parental rights based solely upon a "welfare of the child" test, without some required showing of parental unfitness, caused either by intentional or unintentional misconduct resulting in abuse or neglect of the child, or by what is tantamount to physical or mental incapability to care for the child.' [Cit.]" *Chancey v. Dept. of Human Resources,* 156 Ga. App. 338, 340 (274 SE2d 728) (1980).

The application of this standard in the instant case demonstrates that the juvenile court judge made extensive findings of fact concerning the deprivation of the child and appellant's mental and emotional health. Included among those findings was the following: "Psychiatrists who have treated [appellant] agree that it would be extremely difficult for her to properly care for her child because of her mental illness and the fact that she is moderately retarded. These conditions are chronic in nature and not susceptible to being eliminated, although some symptoms can be controlled by regularly taking certain drugs." Based upon these findings the juvenile court concluded that the child was "deprived" and "the causes and conditions of her deprivation are likely to continue and will not be remedied and by reason thereof she will probably suffer serious physical, mental, moral and emotional harm." Thus the order in the instant case demonstrates that the juvenile court *explicitly* found and concluded that the child was "deprived" by reason of appellant's mental incapacity to care for her and that that cause of the deprivation was likely to continue to the possible harm of the child. This order comports in all respects with the requirements of *Crook* and *Chancey.*

In essence then, appellant's paramount argument is that the evidence does not support the finding of her mental incapacity upon which is based the conclusion that her child is and would continue to be deprived. We have studied the transcript of the hearing and have determined that the findings were authorized by the evidence. See *Roberts v. State of Ga.,* 141 Ga. App. 268 (233 SE2d 224) (1977); *Banks v. Dept. of Human Resources,* 141 Ga. App. 347 (233 SE2d 449) (1977); *McHugh v. Dept. of Human Resources,* 157 Ga. App. 82 (276 SE2d 132) (1981).

*Judgment affirmed. Banke, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED SEPTEMBER 22, 1981.

*Alan B. Blaisdell,* for appellant.

*A. Joseph Nardone, Jr., Michael J. Bowers, Attorney General, Don A. Langham, First Assistant Attorney General, Carol A. Cosgrove, Vivian Davidson Egan, Assistant Attorneys General,* for appellee.