62172. DALE v. HALL COUNTY DEPARTMENT OF FAMILY AND CHILDREN SERVICES et al.

CARLEY, Judge.

Appellant appeals from an order terminating her parental rights in her three children.

1. Appellant asserts that the evidence does not support the trial court's conclusion that her children were "deprived" and that her parental rights should be terminated. The evidence supports the trial court's finding that appellant was living in an incestuous relationship with her brother and that the three children were born of that relationship. There was also evidence that the children themselves have been neglected insofar as their health and subsistence is concerned. Appellant has a proven history of exposing her children to erratic and substandard living conditions, having lived at times with her brother and their children in an automobile. Appellant, though counseled to end her illegal relationship with her brother, has refused to do so. " '[I]t is not proper to consider the question of termination of parental rights based solely upon a "welfare of the child" test, without some required showing of parental unfitness, caused either by intentional or unintentional misconduct resulting in abuse or neglect of the child, or by what is tantamount to physical or mental incapability to care for the child.' [Cit.]" *Chancey v. Dept. of Human Resources,* 156 Ga. App. 338, 340 (274 SE2d 728) (1980). The evidence meets this standard in the instant case. The evidence supports the determination that the children were "without proper parental care or control, subsistence, education as required by law, or other care or control necessary for [their] physical, mental, or emotional health, or morals..." Code Ann. § 24A-401 (h). The evidence also supports the determination that her parental rights in the children be terminated. See *Kilgore v. Dept. of Human Resources,* 151 Ga. App. 19 (258 SE2d 680) (1979); *Vermilyea v. Dept. of Human Resources,* 155 Ga. App. 746 (272 SE2d 588) (1980); *McHugh v. Dept. of Human Resources,* 157 Ga. App. 82 (276 SE2d 132) (1981).

2. During the course of direct examination of a witness for the Department of Family and Children Services (Department), the trial

court interjected sua sponte a direction that the witness be led, stating that "[n]obody will object or anything." When counsel for appellant inquired about the right to object to the leading of the witness, the trial court responded that whether a witness could be led on direct examination was a discretionary matter for the court. Thereupon counsel for the Department was permitted to ask and the witness was permitted to answer leading questions. Appellant enumerates as error the trial court's allowing the witness to be led.

It is true that the decision as to whether a witness may be led on direct examination is a matter which is within the sound discretion of the trial judge and that this discretion will not be controlled unless abused. See generally *Kimball v. State,* 63 Ga. App. 183 (5) (10 SE2d 240) (1940). However, that discretion should be exercised "as the ends of justice and the ascertainment of the truth seem to require..." *Tippens v. Lane,* 184 Ga. 331 (1) (191 SE 134) (1937). In this case we believe that the initial interjection by the trial court in the instant case raises some question whether the decision to allow the Department's witness to be led was made in contemplation of the "ends of justice and the ascertainment of truth." We also believe that appellant's counsel might well have been intimidated from further pursuit of the matter by the trial court's initial comment that "[n]obody will object or anything" and by the subsequent response to inquiry concerning objections which was to the effect that the court's discretion in the matter was unbridled. Therefore, we cannot hold that an absence of subsequently imposed specific objections to the leading questions and answers is decisively adverse to appellant's contention on appeal that reversible error occurred. Appellant's counsel was effectively told at the outset that objection to the court's direction that the witness be led would be futile.

However, after reviewing the entire transcript of the hearing, we find that, even assuming the trial court abused its discretion in directing that the witness be led, no prejudice and injury to appellant resulted thereby. See *Brown v. State,* 203 Ga. 218, 221 (3) (46 SE2d 160) (1948). The testimony elicited by leading the witness did not differ substantially from that which she gave earlier without being led and without objection being raised by appellant. Thus, even if the trial court erred, the error was harmless in the instant case. *Etheridge v. Hooper,* 104 Ga. App. 227, 231 (13) (121 SE2d 323) (1961). Accordingly, we find this enumeration meritless.

3. Appellant enumerates as error the admission into evidence of testimony concerning her treatment of another of her children by her brother, her parental rights in whom had been terminated. Appellant contends that such evidence was irrelevant and prejudicial in the instant termination proceeding. We cannot agree. The testimony was

properly admitted for the limited purpose of showing that the deprivation of the children in the instant case was "likely to continue or will not be remedied." Code Ann. § 24A-3201 (a) (2). See *Wynn v. State,* 149 Ga. App. 559 (1) (254 SE2d 883) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 22, 1981.

*J. Richardson Brannon,* for appellant.

*David A. Fox, Special Assistant Attorney General, Arthur K. Bolton, Attorney General, Vivian D. Egan, Assistant Attorney General,* for appellee.