63821. MAYNARD v. BERRIEN COUNTY DEPARTMENT OF FAMILY AND CHILDREN SERVICES.

MCMURRAY, Presiding Judge.

This is an appeal from the order of the Juvenile Court of Berrien County terminating the appellant's parental rights in her minor child, approximately one year of age, and placing the child in the custody of the Georgia Department of Human Resources acting by and through the Berrien County Department of Family and Children Services. The appeal is based upon enumerations of error that the evidence demands a finding in favor of the mother. Any deprivation with reference to the alleged deprived child that may exist can be remedied, that less drastic remedies were mandated, and the trial court should have applied same to this case. *Held:*

1. The evidence here which may be considered to uphold the decision of the trial court shows at the time of the birth of the son the mother (appellant) was 16 years of age, unmarried and had been diagnosed as mildly mentally retarded. She was incapable of understanding her condition of pregnancy and refused medical care when efforts were made to give same to her. She was unaware of who the father of her child was and did not know that her pregnancy was the result of sexual intercourse. Just prior to giving birth to the child appellant was in a foster home where she lived until the child was born and for several months thereafter. She was unable to follow the foster mother's instructions with reference to the care of the child. After appellant's release from the foster home and return to her mother and grandmother's home (the mother having just been released from a mental institution) she was unable to care for the child on most occasions, and it would take 24-hour supervision by a department staff worker to insure that appellant cared for the child. Further, the grandmother over 70 years of age was physically unable

to care for both her own daughter, and the appellant's child. It further appears that there was some evidence of child abuse following the child's hospitalization for pneumonia. Bruises were noted about the infant's face, back and eye and teeth marks on his forehead, arms and knee. After efforts had been made to determine who had bitten the child the appellant finally admitted she had "because he was crying and he wouldn't stop." As to the appellant's mental condition, expert opinion with reference to certain tests disclosed she was illiterate with an IQ of 62 and functions as a nine-year-old child, being described as being in the mild mentally retarded category. The evidence was sufficient to establish parental unfitness and incapacity both as to the care of the child and by her abuse of the child. See *Ray v. Dept. of Human Resources,* 155 Ga. App. 81, 88 (270 SE2d 303); *Chancey v. Dept. of Human Resources,* 156 Ga. App. 338, 340 (274 SE2d 728); *Vermilyea v. Dept. of Human Resources,* 155 Ga. App. 746, 751 (272 SE2d 588). The evidence also established that the conditions and causes of the child deprivation are likely to continue. See *McHugh v. Dept. of Human Resources,* 157 Ga. App. 82, 83 (276 SE2d 132); *Kilgore v. Dept. of Human Resources,* 151 Ga. App. 19 (258 SE2d 680); *Griffith v. Georgia Dept. of Human Resources,* 159 Ga. App. 649, 650 (284 SE2d 666).

2. While knowing it is probably possible from medical science and that miracles do occur, and a deprived child's condition may be remedied other than by terminating the parental rights, nevertheless the juvenile court's findings that the child is deprived and that the conditions and considerations of such deprivations are likely to continue was authorized under Code Ann. § 24A-3201 (Ga. L. 1971, pp. 709, 747; 1974, p. 389; 1974, pp. 1126, 1133; 1977, pp. 181, 182); *McHugh v. Dept. of Human Resources,* 157 Ga. App. 82, supra; *Dale v. Hall County Dept. of Family and Children Services,* 159 Ga. App. 654 (284 SE2d 669). Compare *Chancey v. Dept. of Human Resources,* 156 Ga. App. 338, supra. From our consideration of the record and transcript of the proceedings here we have determined that the findings of the juvenile court were authorized by the evidence and support the determination that appellant's parental rights be terminated. The enumerations of error are not meritorious.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JUNE 17, 1982.

*Daniel L. Studstill, Dwight Bowen,* for appellant.
*Joseph B. Gray, Jr., Michael J. Bowers, Attorney General, Vivian D. Egan, Assistant Attorney General, Mark H. Cohen, Staff*

*Assistant Attorney General,* for appellee.