64570. HAYES et al. v. WATKINS et al.

BANKE, Judge.

This appeal is from an order granting a petition for the adoption of a 5-year-old child. The parents and the grandparents of the child filed objections to the adoption. On appeal they contend generally that the evidence was insufficient to support the court's judgment. *Held:*

1. Our review of the record indicates that a full hearing was had on the merits of the adoption and that the petitioners were both sworn and testified concerning their qualifications. The record shows that both parents signed and acknowledged their surrender of parental rights (Code Ann. § 74-404) and that they did so knowingly. Compare *Nelson v. Taylor,* 244 Ga. 657 (2) (261 SE2d 579) (1979). While it appears that they had some second thoughts about their choice of adoptive parents, it is clear that this took place subsequent to the time allowed by statute for reconsideration. The evidence was sufficient to support the judgment of the trial court.

2. Appellants also complain that the trial court erred in dismissing the objection of the child's maternal grandparents. Their claim of interest in the proceedings was based on evidence that the child had resided with them for most of her life and that they had "virtually adopted" the child. Claims based on "virtual adoption" in the context presented here have been considered by the Georgia Courts and have been rejected. See *Rahn v. Hamilton,* 144 Ga. 644 (87 SE 1061) (1915); *Collins v. Griffin,* 93 Ga. App. 282 (3) (91 SE2d 369) (1956). Grandparents are properly denied the right to intervene in an adoption proceeding where at least one of the natural parents is alive and has consented. See *Lockey v. Bennett,* 244 Ga. 339 (260 SE2d 56) (1979). "The trial court was also correct in ruling that the . . . [grandparents] lacked standing to seek visitation in an adoption

proceeding where . . . [the living parents] . . . had consented to the adoption." *Houston v. Houston,* 156 Ga. App. 47, 48 (274 SE2d 91) (1980).

3. Appellants also contend that the trial court erred in considering a report submitted by the Department of Family and Children Services which was apparently not received in evidence. We note that the Department is required to render such a report, Code Ann. § 74-410. There is no requirement, however, that the report be entered into evidence. It is clear from appellants' brief that they were not denied access to the report (see *Perry v. Thomas,* 129 Ga. App. 325 (4) (199 SE2d 634) (1973)), nor was any issue raised at trial concerning its contents. This enumeration of error is without merit.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 20, 1982.

*Patrick H. Head,* for appellants.
*Robert W. Adamson,* for appellees.