## 67180. In re M. D. F.

Sognier, Judge.

Appellant, the natural father of M. D. F., appeals an order of the Clayton County Juvenile Court terminating his parental rights in the seven-year-old female child.

The juvenile court acted pursuant to OCGA § 15-11-51 (a) (Code Ann. § 24A-3201) which provides: "The court by order may terminate the parental rights of a parent with respect to his child if: . . . (4) A decree has been entered by a court of competent jurisdiction of this or any other state ordering the parent, guardian, or other custodian to support the child and the parent, guardian, or other custodian has wantonly and willfully failed to comply with the order for a period of 12 months or longer."

In the hearing before the court, evidence was presented that the child had been removed from the home of appellant and his wife in July of 1980 due to physical abuse inflicted on the child by the mother. A hearing on April 23, 1981, resulted in the court issuing an order requiring appellant to pay $100 per month in child support. A hearing on December 10, 1981, reduced that amount to $50 per month. However, appellant failed to make any payments for 22 months after the April 1981 order until he paid $50 to the Clerk of the Court three days prior to the hearing on the petition, brought by the Department of Family and Children Services, to terminate appellant's parental rights in M. D. F.

Appellant testified at the hearing that he had had a job for a year but had "neglected" to pay for child support, admitting that he spent his extra money on himself in satisfying his own personal needs. His testimony shows that he was fully aware of the court's order and knew he was required to pay the child support, that he was financially able to comply with the court's order and yet, without any mitigating circumstances, purposefully failed to comply. The evidence before the court was sufficient to authorize the court to find that appellant willfully and wantonly failed to comply with the child support order, and in the absence of legal error this court will not interfere with a verdict supported by some evidence. *Gill v. Catrett,* 153 Ga. App. 726, 728 (266 SE2d 362) (1980).

Appellant points to an order filed by the court on February 22, 1982 to show that he did not wantonly and willfully fail to comply with the child support order. The February order noted that appellant was "attempting to comply with the Order of this Court dated the 10th day of December, 1981, *in that he has attended counseling.*" (Emphasis supplied.) That appellant attended two or three counseling sessions as ordered by the court does not

counterbalance appellant's willful failure to pay child support for over 22 months. Furthermore, appellant discontinued attending those court ordered sessions, as noted by the juvenile court in its findings of facts. Nor do we find the payment of $50, made three months after the filing of the petition for termination of parental rights and three days prior to the hearing on that petition, to conflict in any manner with the trial court's ruling. Appellant's reliance on *Chancey v. DHR,* 156 Ga. App. 338 (274 SE2d 728) (1980) is misplaced, since termination of parental rights in that case was sought pursuant to the provisions of OCGA § 15-11-51 (a) (2) (Code Ann. § 24A-3201) and there was no court ordered child support involved.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 2, 1984.

*Jay W. Bouldin,* for appellant.
*Larry A. Foster, Special Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, David C. Will, Assistant Attorney General,* for appellee.