170 Ga. App. 886 (1984)
318 S.E.2d 751
IN RE J. L. W.
67804.
Court of Appeals of Georgia.
Decided May 14, 1984.
J. Richardson Brannon, for appellant.
David A. Fox, Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, Patricia Downing, for appellee.
CARLEY, Judge.
Appellant's parental rights in his eight-year-old daughter were terminated by the juvenile court. Appellant appeals, contending that the evidence was insufficient to support the order of termination.
"An order terminating parental rights must contain explicit findings supporting the conclusions that: `(1) the child is deprived . . ., and (2) the conditions and causes of the deprivation are likely to continue or will not be remedied, and (3) by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm.' [Cit.]" Griffith v. Ga. Dept. of Human Resources, 159 Ga. App. 649 (284 SE2d 666) (1981).
In the instant case, the order of the juvenile court contained detailed findings which supported the conclusions necessary to justify the termination of appellant's parental rights. Those findings were supported by clear and convincing evidence. See In re M. M. A., 166 Ga. App. 620 (305 SE2d 139) (1983). The evidence showed that the child previously had been determined to be deprived, which adjudication had not been appealed. The causes of deprivation were that appellant had been incarcerated during most of the child's lifetime, and the child's mother had not provided adequate care or suitable living circumstances for her. The child had been the victim of inadequate supervision and an unstable environment until the mother relinquished her parental rights and the child was placed in a foster home.
*887 Appellant had little or no contact with his daughter while he was incarcerated. Upon his release from prison, appellant visited the child very infrequently, and he contributed nothing to her support. He scheduled several visits with the child for which he failed to appear. Although appellant held a job and attended school, he changed his place of residence nine times in less than a year after his release from prison, and there was evidence that he drank, smoked marijuana, and was sexually interested in young girls. There was also evidence that appellant suffered from an antisocial personality disorder, that he lacked the emotional stability necessary to care for the child, and that his decisions were and would continue to be based on his own needs rather than on those of his daughter. Additionally, appellant failed to comply with the provisions of a previous order of the juvenile court which required him to attend parenting skills classes and to provide the court with a detailed proposal for child care. His own testimony showed that he had not made any realistic plans as to how the child's needs would be met if she were placed in his custody and control.
As to the child, her unstable living conditions had caused her to be insecure and confused as to her family identity. Although she was brighter than average, she was deficient in her intellectual and academic functioning, and she exhibited behavioral problems. These problems began to abate when the child was placed in a foster home. There was testimony that her difficulties were likely to be exacerbated if she were returned to a disorganized, unstable environment such as that offered by her father.
"When the trial court makes a finding of parental unfitness, the appellate courts will ordinarily not interfere with that finding, absent abuse of discretion. [Cit.]" In re M. M. A., supra at 625. No such abuse of discretion has been shown in the instant case. See generally Cox v. Dept. of Human Resources, 151 Ga. App. 257 (259 SE2d 664) (1979); McHugh v. Dept. of Human Resources, 157 Ga. App. 82 (276 SE2d 132) (1981); Roberts v. State of Ga., 141 Ga. App. 268 (233 SE2d 224) (1977).
Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.