171 Ga. App. 133 (1984)
319 S.E.2d 44
IN RE J. D. H. et al.
67933.
Court of Appeals of Georgia.
Decided May 31, 1984.
J. Richardson Brannon, for appellant.
David A. Fox, Special Assistant Attorney General, Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, David C. Will, Assistant Attorney General, for appellee.
QUILLIAN, Presiding Judge.
The father brings this appeal from a judgment of the Hall County Juvenile Court terminating his parental rights in his four children  ages 1 to 4. The appellant is divorced from the children's mother and is presently in prison serving a 15-year sentence for armed robbery. The petition was filed by the Hall County Department of Family and Children Services to terminate the father's parental rights. The mother of the children voluntarily surrendered her parental rights four months previous to this petition being filed.
The court found that the appellant father had a history of criminal activity and had attempted to coerce his wife into the same criminal activity. The court held that the father had not supported his children since his divorce and before that had failed to support his by failing to provide them a place to live or the basic necessities of life. The father was portrayed as a user of LSD and THC and daily user of marijuana and had traded the family's food stamps for marijuana. He had been physically abusive toward his wife and shown little interest in the children. The court found that the father provided little or no emotional support or stability for the children.
The father appeals the judgment of the court finding that his children were deprived and such deprivation was likely to continue, and terminating his parental rights in his children. Held:
The appellant-father enumerates but one error, the sufficiency of the evidence to support the judgment. Our Code provides that "[t]he court by order may terminate the parental rights of a parent with respect to his child if: . . . (2) The child is a deprived child and the court finds that the conditions and causes of the deprivation are likely to continue or will not be remedied and that by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm . . ." OCGA § 15-11-51 (a) (2).
"The determination of deprivation and the decision to terminate parental rights based thereon is an exercise of discretion by the trial court and if based upon evidence, will not be controlled by this court." Roberts v. State of Ga., 141 Ga. App. 268, 270 (233 SE2d 224). The mother testified: "Well, he'd get drunk and get mad and hit me. He couldn't keep a job and we couldn't keep a place to live. He'd uh, and losing his job, then we'd lose our trailer and have to sleep in the car with whoever would let us. The kids didn't have anything to eat half the time, and when they did, it was usually beans and potatoes." She told of the time they had to flee to Florida because he had been involved in "some bad checks." They begged for food and the money he made when he could find a job he "[m]ostly went out and got drunk." After they returned to Georgia they slept in the car for a *134 week or two and did not have money to buy anything to eat. She told about one time where she and another woman stopped their car on the expressway near Atlanta, raised the hood and acted as if they were in trouble. When a car stopped her husband came out of the woods with a tear gas pistol, which looked like a gun, and robbed the man who stopped to help.
The evidence of record supports the findings of the trial court that the children were deprived and such deprivation was likely to continue. Griffith v. Ga. Dept. of Human Resources, 159 Ga. App. 649 (284 SE2d 666). Where the facts found are supported by the evidence they will not be set aside on appeal. Gill v. Catrett, 153 Ga. App. 726, 728 (266 SE2d 362); McHugh v. Dept. of Human Resources, 157 Ga. App. 82, 83 (276 SE2d 132).
Judgment affirmed. Birdsong, J., concurs. Carley, J., concurs specially.
CARLEY, Judge, concurring specially.
I concur in the judgment of the majority affirming the judgment of the trial court because I believe that the evidence supporting the finding and determination of the juvenile court judge in this case meets the clear and convincing evidence standard set forth in our statute and mandated by the due process clause of the United States Constitution. Santosky v. Kramer, 455 U. S. 745 (102 SC 1388, 71 LE2d 599) (1982); In re Suggs, 249 Ga. 365 (291 SE2d 233) (1982); Heath v. McGuire, 167 Ga. App. 489 (306 SE2d 741) (1983); OCGA § 15-11-33 (b).