69064. BRANT et al. v. BAZEMORE et al.
(325 SE2d 905)

CARLEY, Judge.

This is an appeal from the denial of a petition for adoption of a minor child whose father is deceased and whose mother has consented to the adoption. In 1980, the Superior Court of Effingham County granted the petition of the paternal grandparents, the Bazemores, for permanent custody of the child. This court reversed on appeal, holding that the superior court did not have jurisdiction to entertain the grandparents' petition. *Brant v. Bazemore*, 159 Ga. App. 659 (284

SE2d 674) (1981).

Thereafter, the Brants, who are the brother and sister-in-law of the child's mother, filed a petition for adoption of the child. The Brants' petition included a surrender to them of the parental rights of the child's mother. A Department of Human Resources report concluded that the best interest of the child would be served by the adoption and recommended that the adoption be granted. The Bazemores, however, filed an objection to the adoption, on the ground that it would terminate their visitation privileges. The Brants, in turn, opposed the Bazemores' objection, contending that the grandparents had no standing to intervene in an adoption proceeding when the surviving natural parent had voluntarily consented to the termination of her parental rights.

No rulings were made in the case until some two years later, when the trial court entered a final order which denied the adoption, granted temporary custody to the Brants and granted visitation privileges to the Bazemores. The Brants have brought the instant appeal from that order. They assert that the trial court abused its discretion by denying the adoption in the absence of any evidence that such a disposition was in the best interest of the child. They also contend that the trial court erred in granting visitation privileges to the Bazemores in the context of the adoption proceeding.

1. With regard to the adoption issue, the order appealed from states only the following: "The petition for final adoption coming on to be heard and the Court having proceeded to a full hearing on the petition and the examination of the parties at interest in open Court, under oath, and having given consideration to the investigative report of the Department of Human Resources and the recommendations therein contained, the Court is satisfied that it is not in the best interest of [the child] that this adoption be approved." This order constitutes a mere legal conclusion which is not supported by the mandatory findings of fact required by OCGA § 9-11-52. *Perry v. Thomas*, 129 Ga. App. 325 (3) (199 SE2d 634) (1973).

With regard to the issue of the Bazemores' involvement in the instant adoption proceedings, OCGA § 19-8-10 is dispositive. Under that statutory provision, "relatives of a child may not file objections to its adoption as long as one parent is living and has consented." *Lockey v. Bennett*, 244 Ga. 339, 340 (1) (260 SE2d 56) (1979). Thus, it is clear that the Bazemores lacked standing to object to the adoption and to inject the issue of their visitation privileges into the instant proceeding. *Hayes v. Watkins*, 163 Ga. App. 589 (2) (295 SE2d 556) (1982).

2. Accordingly, the order in the instant adoption case is reversed insofar as it purports to grant the Bazemores visitation rights. With regard to the adoption issue, "[w]e remand the appeal with the direc-

tion that the superior court vacate the judgment, cause appropriate findings of fact and conclusions of law [to] be made and enter a new judgment thereon, after which the losing party shall be free to enter another appeal." *Beatty v. Wilkerson,* 144 Ga. App. 280 (241 SE2d 654) (1977). In entering its new order, the trial court should consider only such evidence as is relevant to the issue of the Brants' adoption of the child, and not the erroneously injected issue of the Bazemores' visitation rights. See *Hester v. Mathis,* 147 Ga. App. 257 (248 SE2d 538) (1978).

*Judgment reversed in part and case remanded with direction in part. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JANUARY 16, 1985.

*Fletcher Farrington, Louisa Abbot,* for appellants.
*Rene J. Martin III,* for appellees.