71174. IN THE INTEREST OF W. J. J. et al.
(338 SE2d 54)

BIRDSONG, Presiding Judge.

This is an appeal by the mother of four minor children from an order of the Juvenile Court for Habersham County terminating her parental rights in her children. The Habersham County Department

of Family and Children Services (DFCS) filed a petition in juvenile court alleging the children had been in foster care since 1982, and were without proper parental care or control and the mother and father had abandoned the children, had not provided any support, the maternal grandparents were unable to control the children, and the children had committed acts of terrorism in their neighborhood, and had not attended school regularly.

At the hearing, the DFCS presented the testimony of a caseworker showing that the father had never provided support for the children, had been in prison for a portion of the time, and had not been with the children for the past eight years. The mother left the children alone on a Sunday. Her parents took the children home with them on Wednesday. The children had lived with the grandparents since that time; the grandparents were unable to control the conduct of the children. They frequently missed school and committed acts of vandalism in the neighborhood. A petition was filed in juvenile court for temporary custody of the children. A consent decree was signed by the mother and she was advised of what she must do to regain custody of the children. The mother moved back to Habersham County but left after approximately three months. Since that time she has lived in Florida, Alabama, and Texas. She works, part-time, for the "Around the World Evangelistic Association" in Texarkana, Texas. She advised the DFCS that "she was following the Lord" and "the Lord comes first and she needed to go to this convention and after that convention she never moved back [to Georgia]." The mother was given two years to conform her conduct to that enumerated in the consent decree. She has not complied. DFCS states that she has not provided any support for the children. The mother said she gave the support directly to the children because she does not trust DFCS.

The juvenile court found "by clear and convincing evidence" that neither the parents nor the grandparents offered the children proper discipline and supervision, that the children had been out of school often and had committed acts of terrorism around the neighborhood, that the mother had signed a consent order advising her of what she must do to regain custody of the children and she had failed to comply with the order for the past two years, that the mother had failed to appear at two of the four semi-annual conferences held by DFCS on the welfare of the children, that the father had abandoned the children, that the children were deprived and the mother permitted them to continue in a state of deprivation, and the causes of such deprivation are likely to continue, and by reason thereof the children are suffering, or will probably suffer, serious physical, mental, moral or emotional harm if returned to the mother. Therefore, the court terminated the parental rights of the mother in her children. The mother brings this appeal. *Held*:

A termination hearing seeks as a major concern the welfare of the child, with due regard for the rights of the parents. *Kilgore v. Dept. of Human Resources*, 151 Ga. App. 19, 20 (258 SE2d 680); *In the Interest of M. A. C.*, 244 Ga. 645 (5) (261 SE2d 590). In determining the balance of the interests of the children against parental rights, the juvenile court is vested with broad discretion which will not be controlled on appeal in the absence of manifest abuse, where the ruling is supported by clear and convincing evidence. *Harvey v. Fulton County Dept. of Family &c. Services*, 147 Ga. App. 824 (250 SE2d 563); *In the Interest of A. A. G.*, 146 Ga. App. 534, 535 (246 SE2d 739); *In re Suggs*, 249 Ga. 365 (2) (291 SE2d 233). The evidence supporting the findings and determination of the trial court meets the clear and convincing standard set forth in our statute and mandated by the due process clause of the U. S. Constitution. *Santosky v. Kramer*, 455 U. S. 745 (102 SC 1388, 71 LE2d 599); *In re Suggs*, supra.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED NOVEMBER 13, 1985.

*Timothy P. Healy*, for appellant.

*Michael H. Crawford, District Attorney, David A. Fox, Special Assistant Attorney General*, for appellees.