71888. BAUGH v. ROBINSON et al.
(346 SE2d 918)

BENHAM, Judge.

Appellant brings this appeal from the trial court's order terminating his parental rights in his daughter and granting the adoption petition of the child's maternal grandparents. The hearing which

culminated in the trial court's order was not reported; therefore, no transcript is available for review. In its order the trial court found the child's mother to have given voluntary written consent to the adoption (see OCGA § 19-8-3 (a) (3)); appellant to have wilfully abandoned the child by failing to support the child for the twelve-month period preceding the filing of the adoption proceeding; and it to be in the child's best interests to grant the adoption petition. See OCGA § 19-8-6 (b).

Appellant contends he was denied due process, a fair and impartial hearing, and the opportunity to present his case. He also maintains the trial court was biased. Each of appellant's enumerated errors requires review of the hearing transcript or the accepted substitute therefor. See OCGA § 5-6-41 (g) and (i). In the absence of a transcript, we must assume the trial court's findings were supported by evidence presented (*Gaskins v. Fowler*, 171 Ga. App. 681 (2) (320 SE2d 890) (1984)), and the actions taken by the trial court during the hearing were appropriate. See *Burns v. Barnes*, 154 Ga. App. 802 (270 SE2d 57) (1980).

As pointed out by the dissent, the Department of Human Resources is statutorily required to prepare a report and recommendation concerning the adoption petition. OCGA §§ 19-8-11 and 19-8-12. However, there is no requirement that the report be entered into evidence, (*Hayes v. Watkins*, 163 Ga. App. 589 (3) (295 SE2d 556) (1982)), and there was no issue concerning the report raised at trial or on appeal. Therefore, the lack of such a report in the record is not reversible error.

*Judgment affirmed. Banke, C. J., Deen, P. J., Birdsong, P. J., Carley, Pope, and Sognier, JJ., concur. McMurray, P. J., concurs in the judgment only. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

By way of explanation, appellant, a prison inmate, filed an affidavit of poverty below, which stated he had not worked at a paying job since November 1, 1983. That may account for his failure to support his daughter and his failure to make arrangements for a transcript. He has represented himself throughout these proceedings.

Since this case involves the termination of parental rights, it is one of the most serious matters to come before a court. *In re D. C. & J. T. C.*, 176 Ga. App. 30, 30-31 (335 SE2d 148) (1985). Thus it must be accorded the greatest measure of scrutiny, as it affects the ultimate rights not only of the natural parent, but also the rights and heritage of the child. *In the Interest of W. J. J.*, 176 Ga. App. 824, 826 (338 SE2d 54) (1985).

Appellant's first enumeration of error is that he was denied the right to a fair and impartial hearing. While he argues all of his five

enumerations en masse, so to speak, he urges the court to consider the record in the case to ascertain whether his complaints are well-founded.

The right to a fair hearing implies that it shall be in conformity with the procedure provided by statute. It is a matter of due process. See *Brownell v. Tom We Shung*, 352 U. S. 180, 182 (I), fn. 1 (77 SC 252, 1 LE2d 225) (1956). The statutory requisites for an adoption under the circumstances of this case include an investigation by the Department of Human Resources and its particularized report and findings. OCGA §§ 19-8-11 and 19-8-12. Thereafter, the mandate of the statute is that the court, at the hearing, "shall give consideration to the investigation report to the court provided for in Code Section 19-8-11 and the recommendations contained therein." OCGA § 19-8-13 (a) (1). We have recognized that it is required. *Hayes v. Watkins*, 163 Ga. App. 589, 590 (3) (295 SE2d 556) (1982).

Here the record contains no report or recommendation of the Department. While it need not be entered in evidence, the court is obligated to receive this independent and impartial analysis and weigh it in the balance with the evidence presented by the parties, as the statute states. The decree of adoption makes no reference whatsoever to such a report and recommendations and, in its findings of fact, omits any mention of many of the findings which the Department must specifically report as spelled out in OCGA § 19-8-12. As a matter of fact, the court merely stated the basis for its findings as being that the petition came on for hearing, all parties were present, and evidence was heard. It does not show that it reviewed any Department report or took into account any Department recommendation. Yet even the "surrender" document signed by the child's mother, who was not present at the hearing, states that she understands the Department of Human Resources is required to conduct an investigation and render a report.

In the absence of the same, the fairness of the proceeding is undermined, as it plainly appears they were not conducted in accordance with law. The gravity of the action taken demands that it be reversed for this omission.

That being so, the other enumerations of error need not be addressed.

DECIDED JULY 1, 1986.

James Baugh, *pro se.*
*Joseph A. Griggs, Edward Staples*, for appellees.