A89A1755. EVANS v. GREEN et al.
(391 SE2d 11)

BEASLEY, Judge.

Evans appeals the dismissal of his complaint alleging violations of 42 USCA § 1983 against Warden Green, Lt. Gibbs, and Officers Milner, Butts, and Harrison, all members of the staff at the institution where Evans was incarcerated.

Evans alleged that he was subjected to slave labor in violation of the federal Eighth Amendment, discriminated against because of his race, and that he was beaten when he objected to receiving correspondence which was partially opened.

The court conducted a hearing pursuant to 28 USC § 1915 and issued a lengthy and detailed order dismissing the complaint as frivolous.

"Under 28 USCA § 1915 (d), a trial court may dismiss a case if it is 'satisfied that the action is frivolous or malicious.' The dismissal of a frivolous action is appropriate to prevent an abuse of process. *Brown v. Pena,* 441 FSupp. 1382 (S. D. Fla. 1977), aff'd without opinion, 589 F2d 1113 (5th Cir. 1979). '(T)he standard for determining the legal sufficiency of a complaint is the same under either Fed. R. Civ. P. 12 or 28 USC § 1915 (d). (Cits).' *Spears v. McCotter,* 766 F2d 179, 182 (5th Cir. 1985). Therefore, the dismissal of a lawsuit as frivolous is appropriate where the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Fed. R. Civ. P. 12. Cf. *Estelle v. Gamble,* 429 U. S. 97, 106 (97 SC 285, 50 LE2d 251) (1976)." *Brown v. Diaz,* 184 Ga. App. 409, 410 (3) (361 SE2d 490) (1987).

The hearing on Evans' complaint was not taken down. Under these circumstances, we assume that the trial court's findings and rulings arising therefrom were appropriate. *Baugh v. Robinson,* 179 Ga. App. 571, 572 (346 SE2d 918) (1986); *Gaskins v. Fowler,* 171 Ga. App. 681, 682 (2) (320 SE2d 890) (1984); *York v. Miller,* 168 Ga. App. 849,

850 (310 SE2d 577) (1983).

The only claim of Evans arguably supported by factual allegations involved his alleged beating after complaining that a letter had been partially opened. The court's order reflects that Evans and his witness were not credible on this issue. This was an appropriate task for the court in determining the § 1915 issue. *Harris v. Menendez*, 817 F2d 737 (11th Cir. 1987). We are bound by this determination absent an abuse of discretion and we find none. Ibid.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 5, 1990.

William Evans, *pro se.*

*Michael J. Bowers, Attorney General, William B. Hill, Jr., Deputy Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Neal B. Childers, Assistant Attorney General,* for appellees.