## 68271. WILSON v. GEORGIA DEPARTMENT OF HUMAN RESOURCES.

BANKE, Presiding Judge.

This is an appeal from an order of the Juvenile Court of DeKalb County, terminating the appellant's parental rights in his 5-year-old son. The trial court also terminated the parental rights of the mother, but she has not appealed.

Appellant contends that the trial court erred in admitting into evidence records of his conviction of three criminal offenses. The first conviction was in January of 1978 for robbery and theft by taking. He was sentenced at that time to 12 months probation, which was revoked in October of 1979. In January of 1982, he was convicted of committing a simple battery upon the child's mother by hitting her in the face. In June of 1982, he was convicted of committing an aggravated assault upon the child's mother by stabbing her with a knife and was sentenced to three years confinement. He was not eligible for parole on the latter conviction until December of 1983, about two months after the termination hearing. *Held*:

1. The convictions were clearly relevant to show the appellant's inability to care for the child due to repeated incarceration, as well as to show unfitness on his part. Accord *Johnson v. Eidson*, 235 Ga. 820, 824 (221 SE2d 813) (1976); *Heath v. McGuire*, 167 Ga. App. 489 (3) (306 SE2d 741) (1983). Consequently, the trial court did not err in admitting this evidence.

2. Appellant also contends that the evidence is insufficient to support the termination of his parental rights. The child has been in the custody of the DeKalb County Department of Family and Children Services (DFCS) as a deprived child since September of 1981. In addition to appellant's extensive criminal record, there was evidence that he introduced the child's mother into the business of prostitution when she was 17 years old and that she continued to ply this trade after the birth of the child, with appellant serving as her procuring agent. Furthermore, appellant failed to provide necessary support for the child. Also, there was evidence that the child suffered from psychological problems when first placed in the custody of DFCS but that he had shown marked improvement after a year in a foster home.

A termination of parental rights must be supported by a showing of parental unfitness, caused either by intentional or unintentional misconduct resulting in abuse or neglect of the child or by what is tantamount to physical or mental incapability to care for the child. *Chancey v. Dept. of Human Resources*, 156 Ga. App. 338, 340 (274

SE2d 728) (1980). "Before a State may sever completely and irrevocably the rights of parents in their natural child, due process requires that the State support its allegations by at least clear and convincing evidence." Santosky v. Kramer, 455 U. S. 745, 747 (102 SC 1388, 71 LE2d 599) (1982). See also OCGA § 15-11-33 (b). In the case before us, there was clear and convincing evidence that appellant's criminal misconduct had resulted in the neglect of the child, and that the child was accordingly "deprived" within the meaning of OCGA § 15-11-2 (8). There was also clear and convincing evidence to support the court's determination that the causes of such deprivation were likely to continue absent termination of the appellant's parental rights, thereby resulting in emotional harm to the child. It follows that the termination of appellant's parental rights was authorized pursuant to OCGA § 15-11-51 (a) (2) and *Chancey v. Dept of Human Resources,* supra.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED MAY 3, 1984.

*Graham G. McMurray,* for appellant.

*Robert G. Nardone, Ennis L. Willis, Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, Carol Atha Cosgrove, Senior Assistant Attorney General, David C. Will, Assistant Attorney General,* for appellee.