71450. IN THE INTEREST OF T. A. L. & L. I. L.
(341 SE2d 496)

CARLEY, Judge.

Appellant appeals from an order of the juvenile court terminating her parental rights in two of her children. She asserts that there was insufficient evidence that her children were deprived and that the causes and conditions of their deprivation were likely to continue. Although there was evidence of prior physical deprivation, the primary deprivation which the trial court found existed and likely to continue was the emotional and mental deprivation of the children.

There was sufficient evidence to support the trial court's finding that appellant wilfully and continuously declined to participate in essential programs provided for her benefit by the State, including those designed to teach her parenting skills. A licensed psychologist who tested appellant testified that she was in the borderline mentally retarded range and would require regular training in parenting skills. The psychologist testified that appellant's uncooperative, hostile, and suspicious attitude would make the development of required skills difficult, and that appellant was not likely to change and take on further responsibility.

There was also evidence that appellant rarely inquired about her children, who have lived in a foster home since 1981, and that her contacts with the children were infrequent and usually initiated at the request of Department of Family and Children Services caseworkers. During visits, appellant showed little interest in or attachment to the children, and the primary responsibility for their care

was assumed by her mother. The evidence further indicates that when attempts were made to place the children in appellant's home on a trial basis, she failed to make the necessary arrangements. Appellant herself testified that she had no plans for caring for the children if they were returned to her.

" '[I]t is not proper to consider the question of termination of parental rights based solely upon a "welfare of the child[ren]" test, without some required showing of parental unfitness, caused either by intentional or unintentional misconduct resulting in abuse or neglect of the child[ren], or by what is tantamount to physical or mental incapability to care for the child[ren].' [Cit.]" *Chancey v. Dept. of Human Resources*, 156 Ga. App. 338, 340 (274 SE2d 728) (1980). The evidence in the instant case would meet this standard. See *In re J. L. W.*, 170 Ga. App. 886 (318 SE2d 751) (1984); *Griffith v. Ga. Dept. of Human Resources*, 159 Ga. App. 649 (284 SE2d 666) (1981); *Cox v. Dept. of Human Resources*, 151 Ga. App. 257 (259 SE2d 664) (1979); *Roberts v. State of Ga.*, 141 Ga. App. 268 (233 SE2d 224) (1977).

Appellant contends however, that all of the evidence of her purported parental unfitness occurred in the past, and that there is no evidence of her current unfitness. A finding of unfitness must be based on present circumstances. *Wright v. Hanson*, 248 Ga. 523, 525 (2) (283 SE2d 882) (1981); *Bozeman v. Williams*, 248 Ga. 606, 607 (285 SE2d 9) (1981). In the instant case, however, the trial court specifically found that the deprivation of the children was *continuing* and was likely to continue into the future. There is sufficient "clear and convincing evidence" to support that finding. *Blackburn v. Blackburn*, 249 Ga. 689, 692 (292 SE2d 821) (1982).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 17, 1986.

*Viveca Burns, Mary Carden, Phyllis J. Holmen, Alex Kritz, Patricia Barron, Vicky O. Kimbrell*, for appellant.

*Joseph H. Fowler, Special Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, William C. Joy, Senior Assistant Attorney General, David C. Will, Assistant Attorney General, Patricia Downing, Staff Assistant Attorney General*, for appellee.