*Kirby v. State*, 174 Ga. App. 58 (329 SE2d 228) (1985).

4. Appellant's sixth enumeration contending the court erred in its charge on punitive damages will not be considered as no objection to this charge was raised in the court below. *Pettus v. Smith*, 174 Ga. App. 587 (330 SE2d 735) (1985).

5. There is no inconsistency in a jury verdict which finds against one defendant in his individual capacity and in favor of his employer, a corporate defendant. The verdict was supported by a preponderance of the evidence which found that Stanford alone violated his fiduciary duty to his principal.

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED FEBRUARY 12, 1986 —
REHEARING DENIED FEBRUARY 27, 1986 —

*John A. Gilleland, John A. Nix*, for appellant.
*William G. Gainer*, for appellee.

71541. In re A. M. & V. M.
(342 SE2d 16)

BEASLEY, Judge.

The mother, P. M., appeals the order of the juvenile court terminating her parental rights to her two children, A. M. and V. M.

"An order terminating parental rights must contain explicit findings supporting the conclusions that: '(1) the child is deprived . . . , and (2) the conditions and causes of the deprivation are likely to continue or will not be remedied, and (3) by reason thereof the child is suffering or will probably suffer serious physical, mental, moral or emotional harm.' *Crook v. Ga. Dept. of Human Resources*, 137 Ga. App. 817, 818 (224 SE2d 806) (1976)." *Griffith v. Dept. of Human Resources*, 159 Ga. App. 649 (284 SE2d 666) (1981). See *McCary v. Dept. of Human Resources*, 151 Ga. App. 181, 182 (2) (259 SE2d 181) (1979). "A termination of parental rights must be supported by a showing of parental unfitness, caused either by intentional or unintentional misconduct resulting in abuse or neglect of the child or by what is tantamount to physical or mental incapability to care for the child." *Wilson v. Dept. of Human Resources*, 170 Ga. App. 805 (318 SE2d 229) (1984). In our consideration of the trial court's ruling, the appropriate standard is whether a rational trier of fact could have found by clear and convincing evidence that the natural parent's custody rights had been lost. *In the Interest of A. O. A.*, 172 Ga. App. 364, 365 (2) (323 SE2d 208) (1984). See *Santosky v. Kramer*, 455 U. S. 745, 747 (102 SC 1388, 71 LE2d 599) (1982).

The trial court's order was extensively detailed and carefully drawn and showed that the statutory requirements of OCGA § 15-11-51, as well as those outlined by the cases interpreting it, had been met.

Although the transcript we were furnished contains many, many portions where the testimony is noted to be "unintelligible," the ascertainable proof was sufficiently clear and convincing to sustain the trial court's findings of fact and resultant conclusions of law. See *Vermilyea v. Dept. of Human Resources*, 155 Ga. App. 746 (272 SE2d 588) (1980); *In re L. A.*, 166 Ga. App. 857 (305 SE2d 636) (1983). "Where the facts found are supported by the evidence they will not be set aside on appeal." *In re J. D. H.*, 171 Ga. App. 133, 134 (319 SE2d 44) (1984).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 27, 1986.

*C. Andrew Fuller*, for appellant.
*David A. Fox, Charles W. Smith, Jr.*, for appellee.

71576. DIMICK v. THE STATE.
(341 SE2d 914)

BEASLEY, Judge.

Appellant was arrested outside a restaurant for carrying a concealed weapon, a loaded and cocked 9 millimeter semi-automatic rifle, which was found tucked into his trousers beneath his coat. OCGA § 16-11-126. At the time he was also carrying a loaded and cocked .45 caliber pistol in a holster under his left arm, for which he was not charged, and a container of marijuana in his waistband. The arrest occurred after an employee of the restaurant called police to report that she saw the pistol as appellant was leaving the restaurant; he had been inside but just walked around and declined to be seated. Appellant's car was searched after he pointed it out on the parking lot in response to an officer's question. The warrantless search of the auto, the subject of the present appeal, uncovered yet another pistol, one or two small hand-rolled cigarette butts, and a gym canvas bag which contained packets of cocaine.

In addition to the original concealed weapon's charge, appellant was charged with possession of less than one ounce of marijuana (which was on his person) and possession of cocaine in violation of the Georgia Controlled Substances Act. OCGA § 16-13-30. He was convicted after a bench trial on all counts. He now appeals, asserting as