sions.

71741. IN RE J. L. L. & M. A. M.
(346 SE2d 106)

MCMURRAY, Presiding Judge.

On April 26, 1985, the juvenile court entered an order terminating the parental rights of the natural parents of J. L. L. II, a male child born on December 28, 1976, and M. A. M., a male child born on April 21, 1973. It is from this order that the natural mother (who is the natural mother of both children) appeals. *Held:*

" 'An order terminating parental rights must contain explicit findings supporting the conclusions that: "(1) the child is deprived . . . , and (2) the conditions and causes of the deprivation are likely to continue or will not be remedied, and (3) by reason thereof the child is suffering or will probably suffer serious physical, mental, moral or emotional harm." *Crook v. Ga. Dept. of Human Resources,* 137 Ga. App. 817, 818 (224 SE2d 806) (1976).' *Griffith v. Dept. of Human Resources,* 159 Ga. App. 649 (284 SE2d 666) (1981). See *McCary v. Dept. of Human Resources,* 151 Ga. App. 181, 182 (2) (259 SE2d 181) (1979). 'A termination of parental rights must be supported by a showing of parental unfitness, caused either by intentional or unintentional misconduct resulting in abuse or neglect of the child or by what is tantamount to physical or mental incapability to care for the child.' *Wilson v. Dept. of Human Resources,* 170 Ga. App. 805 (318 SE2d 229) (1984). In our consideration of the trial court's ruling, the appropriate standard is whether a rational trier of

fact could have found by clear and convincing evidence that the natural parent's custody rights had been lost. *In the Interest of A. O. A.*, 172 Ga. App. 364, 365 (2) (323 SE2d 208) (1984). See *Santosky v. Kramer*, 455 U. S. 745, 747 (102 SC 1388, 71 LE2d 599) (1982)." *In re A. M. & V. M.*, 178 Ga. App. 59 (342 SE2d 16).

In the case sub judice, the juvenile court entered an extensive order detailing facts which supported its conclusion terminating the parental rights of the appellant mother. We have carefully examined the transcript of the termination hearing and find that the juvenile court's conclusions are supported by "clear and convincing" evidence. See *In the Interest of T. A. L. & L. I. L.*, 177 Ga. App. 846 (341 SE2d 496). " 'Where the facts found are supported by the evidence they will not be set aside on appeal.' *In re J. D. H.*, 171 Ga. App. 133, 134 (319 SE2d 44) (1984)." *In re A. M. & V. M.*, 178 Ga. App. 59, 60, supra. Consequently, the juvenile court did not err in terminating the parental rights of appellant.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED JUNE 6, 1986.

*Thomas J. Hough, Jr.*, for appellant.

*Richard C. Alderman, Robert J. Grayson, Alton E. Curtis, Jr.*, for appellee.