73527, 73528. IN RE M. S. et al.
(351 SE2d 253)

BANKE, Chief Judge.

The appellants appeal the termination of their parental rights with respect to their three minor children, M. S., S. S., and A. A. S. This is the second appearance of the case before this court. In the previous appeal, we found the evidence sufficient to support the termination of the appellant's parental rights but remanded the case for a new hearing due to a deficiency in the procedure utilized to question one of the children concerning certain alleged sexual abuse by her father. See *In the Interest of M. S.*, 178 Ga. App. 380, 381 (343 SE2d 152) (1986). The case is now before us again following a new evidentiary hearing and a renewed judgment of termination. *Held*:

1. The appellants again contend that the evidence was insufficient to support the termination of their parental rights. The evidence presented at the most recent hearing was substantially the same as that presented at the first hearing. It included evidence that the father was currently serving a 20-year sentence for committing incest with the oldest daughter (10 years of age at the time of the most recent hearing) and sodomizing the son (eight years of age at the time of the most recent hearing). In addition there was evidence that the family had moved 25 times in eight years, having been forced to sleep in a car during one period until a tent was provided them by a church; that they had regularly been dependent on emergency relief from churches and social welfare organizations; that they had routinely sent their oldest daughter and their son out to "borrow" food, money, and cigarettes from neighbors — an activity described by the mother as being one of the daughter's responsibilities "from the time she got home from school to the time she went to bed"; that the father had on one occasion, with the knowledge of the mother, directed the oldest daughter to steal cigarettes, resulting in the father's conviction of shoplifting; that the mother suffered from a "borderline personality" and had threatened on more than one occasion to kill the children; that the children were thin, malnourished, and without adequate medical care while in the appellants' custody; that the oldest daughter had acted as the primary caretaker for the family, with the mother being described as "more like a sibling than a mother"; and

that the children had exhibited substantial developmental and emotional problems when taken into foster care but had since improved, with the youngest child having shown marked improvement.

We emphatically reject the appellants' contention that this evidence established merely that the family's living conditions were substandard and did not warrant a finding of unfitness on their part. Compare *Shover v. Dept. of Human Resources*, 155 Ga. App. 38 (270 SE2d 462) (1980); *Chancey v. Dept. of Human Resources*, 156 Ga. App. 338 (274 SE2d 728) (1980). Having previously held that the evidence supported the termination of the appellants' parental rights, we have no hesitancy in reaffirming that holding.

2. The father contends that the trial court abused its discretion in allowing the attorneys for the Department of Family and Children Services and for the children's guardian ad litem to question the oldest daughter repeatedly about the nature of the alleged sexual abuse committed by her father, until she finally testified that her father had placed his penis between her legs. In particular, the father objects to the D. H. R.'s counsel's instructing the witness at one point, "You've got to tell us." However, an examination of the record reveals this to be a distortion of what actually transpired.

The record reflects that, under questioning by the D. H. R.'s attorney, the child acknowledged that "something" had transpired between her and her father while they were on the bed together but manifested extreme reluctance to say what. After repeated attempts to elicit a response, the attorney finally told the child, "See, you've got to tell us. I can't." Obviously, what the attorney meant by this was not, as urged by the father on appeal, that the child would be forced to provide details about the incident whether she wanted to or not but merely that she was the only person who was in a position to provide such details. Indeed, the attorney immediately explained this in response to the father's objection. Moreover, the trial court did not permit the D. H. R.'s attorney to continue this line of questioning in the face of the witness' reluctance to respond but instead instructed him to discontinue it. Later, the attorney for the child's guardian ad litem questioned the child about the incident and not only elicited a response with relative ease but did so without any further objection by the father based on repetitiveness. Thus, we find this enumeration of error to be totally without merit.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 21, 1986.

*G. Hammond Law III*, for appellant (case no. 73527).
*J. Richardson Brannon*, for appellant (case no. 73528).

*David A. Fox, Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General*, for appellees.