256 Ga. 511 (1986)
350 S.E.2d 444
IN RE B. D. C.
43842.
Supreme Court of Georgia.
Decided December 2, 1986.
Huff & Moore, Bryant Huff, Johnny R. Moore, for appellant.
Donn M. Peevy, for appellee.
GREGORY, Justice.
The grandparents of B. D. C. brought a petition for temporary custody of their grandchild. The petition was granted. Upon appeal from the father, the Court of Appeals reversed. We find the Court of Appeals failed to apply the proper standard of appellate review and reverse.
B. D. C. was born in 1980 while his parents were separated. In a subsequent divorce, the mother was awarded custody and the father was ordered to pay $200 monthly child support. In 1985, garnishment proceedings were instituted against the father for nonpayment. The garnishment issue was settled on July 10, 1985 by a written agreement, under which the father paid $4,000 to cover a portion of the arrearages with the remainder to be paid in monthly installments beginning *512 in 1985.
On August 3, 1985, the mother died. On August 14, 1985, the grandparents of B. D. C. filed a petition for temporary custody. At a hearing on August 21, 1985, evidence showed the child had since birth lived with the grandparents, who provided for his clothing, food, shelter and health needs. Despite an annual income of approximately $40,000, the father made no support payments in 1982, 1983 or 1984. The only payment in 1985 was the $4,000 lump sum resulting from the garnishment action. Witnesses for the grandparents testified the father had almost no contact with the child. He had not visited the child or mother at the hospital at the child's birth, and never sent cards or gifts to the child. The father admitted he did not know the child's birthday. He usually referred to the child as "that boy" and on occasion denied paternity. The grandmother testified the father had in the past few years made no inquiries concerning, and shown no interest in, the child's growth and development.
The father testified his lack of contact and communication with the child resulted from disputes with the grandparents. He claimed the grandparents and mother blocked the exercise of his visitation rights, but that he could not afford legal action to enforce them because he was supporting a second family. The father said he left messages with the grandparents' telephone answering device concerning the child, but that his calls were never returned. He testified that he would give his wife money out of his pocket for support on occasions when he saw her. Held:
While a surviving parent is prima facie entitled to custody of his or her child, parental right to custody may be lost if one of the conditions specified in OCGA §§ 19-7-1 or 19-7-4 is found to exist, or if the parent is found to be unfit. Miele v. Gregory, 248 Ga. 93 (92) (281 SE2d 565) (1981). OCGA § 19-7-1 (b) (3) provides parental power may be lost by failure to provide necessaries for the child or abandonment of the child. But for a third party to prevail in obtaining custody in a contest with the surviving parent, clear and convincing evidence that the parent has lost the right to parental custody and control by abandonment or some other legal ground must be presented. Miele v. Gregory, supra at 95. See also Blackburn v. Blackburn, 249 Ga. 689, 692 (292 SE2d 821) (1982).
"`In order to find an abandonment, there must be sufficient evidence of an actual desertion, accompanied by an intention to sever entirely, as far as possible to do so, the parental relation, throw off all obligations growing out of the same, and forego all parental duties and claims.'" Sims v. Sims, 171 Ga. App. 99, 100 (318 SE2d 805) (1984); In re J. C. P., 167 Ga. App. 572, 573 (307 SE2d 1) (1983). Whether evidence was sufficient to establish abandonment is a question for the trier of fact, and the appropriate standard of appellate *513 review in a case of this sort is whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody were lost. Sims v. Sims, supra, citing Blackburn v. Blackburn, 249 Ga., supra.
The Court of Appeals' opinion reviewed the evidence presented below and applied the clear and convincing evidence test. But this is not the function of a reviewing court. The factfinding and weighing of evidence is to be done in the trial court under the clear and convincing evidence test. The reviewing court is to defer to the lower court in the area of factfinding and should affirm unless the appellate standard of review, here the rational factfinder test of Blackburn, is not met. When we apply that test here we note the conflicting evidence presented to the trial court and conclude that a rational factfinder could have found by clear and convincing evidence that the father abandoned B. D. C.
Judgment reversed. All the Justices concur.