## 73238. In re A. N. Y.
### (353 SE2d 8)

CARLEY, Judge.

Based upon an allegation that appellant-mother's illegitimate child was "deprived," the appellee-Georgia Department of Human Resources sought the termination of her parental rights to the child. The trial court conducted a hearing, found that the child was deprived and terminated appellant's parental rights. Appellant appeals from this parental rights termination order.

Appellant's sole enumeration of error addresses the sufficiency of the evidence to support the order terminating her parental rights. " '[T]he appropriate standard of appellate review in a case where a parent's rights to his child have been severed is "whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost." ' [Cits.]" *In the Interest of A. O. A.*, 172 Ga. App. 364, 365-366 (323 SE2d 208) (1984). "The factfinding and weighing of evidence is to be done in the trial court under the clear and convincing evidence test. The reviewing court is to defer to the lower court in the area of factfinding and should affirm unless the appellate standard of review, . . . is not met." *In re B. D. C.*, 256 Ga. 511, 513 (350 SE2d 444) (1986). " ' "[I]t is not proper to consider the question of termination of parental rights based solely upon a 'welfare of the [child]' test, without some required showing of parental unfitness, caused either by intentional or unintentional misconduct resulting in abuse or neglect of the [child], or by what is tantamount to physical or mental incapability to care for the [child]." [Cit.]' [Cit.]" *In the Interest of T. A. L. & L. I. L.*, 177 Ga. App. 846, 847 (341 SE2d 496) (1986).

There was clear and convincing evidence in the instant case that appellant is mentally and emotionally incapable of caring for her child. See generally *In re S. R. J.*, 176 Ga. App. 685 (337 SE2d 444) (1985); *In the Interest of T. R. G.*, 162 Ga. App. 177 (290 SE2d 523) (1982). "The trial court's order contained detailed findings which supported the conclusions necessary to justify the termination of appellant's parental rights. Those findings were supported by clear and convincing evidence. [Cit.]" *In re D. C. & J. T. C.*, 176 Ga. App. 30, 32 (335 SE2d 148) (1985). "[T]he trial court specifically found that the deprivation of the [child] was *continuing* and was likely to continue into the future. There is sufficient 'clear and convincing evidence' to support that finding. [Cit.]" (Emphasis in original.) *In the Interest of T. A. L. & L. I. L.*, supra at 847. Accordingly, the trial court did not err in terminating appellant's parental rights.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 9, 1987.

Ronnie A. Wheeler, for appellant.
Gregory C. Sowell, Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, David C. Will, Assistant Attorney General, for appellee.

73307. BROWN v. GEORGIA POWER COMPANY.
(352 SE2d 818)

McMurray, Presiding Judge.

This marks the second appearance of this workers' compensation case in our court. On September 13, 1980, claimant, a winch truck operator, injured his left knee in a compensable accident. He was disabled for nine months and he received compensation benefits during that period of time. When he returned to work claimant was able to perform his job even though he experienced pain and soreness in his left knee.

On August 14, 1981, claimant was working on a hillside when his knee gave way and he fell. Nevertheless, claimant continued working with pain and effort (he testified that he needed his full salary) until he was terminated by his employer on September 24, 1981. (Claimant was discharged because he reconnected the electricity to his house after it had been cut off for non-payment of the bill.)

During the last weeks of his employment, claimant took on a part-time job at a restaurant to earn extra cash. Following his termination by the employer, claimant continued to work for the restaurant on a part-time basis doing odd jobs.

Claimant brought a change of condition proceeding. At the hearing, he testified that he sought full-time employment following his discharge and that he would have continued to work for the employer if he had not been discharged. Claimant testified further that he was unable to get another job and that his physical condition and job history made it difficult to find other work. In claimant's words: "I applied at Jackson Electric EMC, I have applied at Scientific Atlanta. I have got about fifty resumes out right now, and they have turned me down, you fill out an application and you put down on there were you discharged or not, to be honest with them, yes, I was discharged, and for what reasons, and I told them. And then it says on the other part of the application or on every application I filled out, it says on your health, and I cannot, it's hard for me to get a job right now with my knee bad and I was fired for doing some wrongful act."

Following the hearing, the Administrative Law Judge determined