74570. IN RE R. L. Y. et al.
(360 SE2d 636)

SOGNIER, Judge.

This is the second appearance of appellant, the father of R. L. Y., M. R. Y., and R. A. Y., before this court. In *In re R. L. Y.*, 181 Ga. App. 14 (351 SE2d 243) (1986), we reversed the trial court's order of termination of appellant's parental rights and remanded the case for further findings by the trial court in order to clarify that the trial court applied the "clear and convincing" evidentiary standard in its ruling. The trial court entered a new order terminating appellant's parental rights and this appeal ensued.

1. We find that the evidence in the transcript and detailed in the trial court's order constitutes clear and convincing evidence to support the trial court's conclusions of law that the children qualify as deprived under OCGA § 15-11-2 (8), that the children are without proper parental care and control, that the mental illness which renders appellant incapable of extending such proper parental care and control is not treatable and appellant will not recover from it, and that the children will suffer serious physical, mental or emotional harm if they are restored to their father. Thus, the trial court was authorized under OCGA § 15-11-81 (b) (4) (A) to terminate appellant's parental rights in the children. See also *In re R. L. Y.*, supra.

2. Appellant contends the trial court erred by failing to investigate possible alternatives thoroughly before recourse to complete termination. The transcript reflects that caseworkers with the Department of Human Resources "checked out" relatives and acquaintances of the natural parents in an attempt to develop "relative placement" for the children, that all resources in this regard were "exhausted," and that there was "nobody left" with whom the children could stay. Contrary to appellant's assertion, the record reflects that the trial court entertained testimony regarding the possibility of placing the children in group homes, such as church-related children's homes, and the disadvantages and probable negative impact such an impermanent disposition would have on the children. The trial court noted in its order appellant's request to place the children in a church-related orphan's home. However, the trial court determined that it was in the best interest of the children that appellant's parental rights be terminated and the children be placed in the custody of the Department of Human Resources so that they could be placed permanently for adoption as soon as possible. Under the facts in this case, we find no error in the trial court's order.

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs in Division 2 and in the judgment.*

DECIDED SEPTEMBER 8, 1987.

*Franklin E. Remick,* for appellant.

*W. Ashley Hawkins, Malcolm K. Sullivan, Michael J. Bowers, Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General,* for appellees.