74664. IN THE INTEREST OF B. M. et al.
(361 SE2d 269)

BEASLEY, Judge.

The mother of four children, now ages 10, 8, 6, and 5, appeals the order which terminated her parental rights as well as those of the fa-

ther. She contends the evidence was insufficient to support the judgment.

In considering termination of parental rights, OCGA § 15-11-81 assigns priority to a determination whether there is "clear and convincing evidence of parental misconduct or inability." See *In re A. N. Y.*, 181 Ga. App. 499 (353 SE2d 8) (1987). As to the mother in this case, the court expressly applied OCGA § 15-11-81 (4) (A) (i) (ii), (iii) and (iv) and OCGA § 15-11-2 (8) (A). Among the factors demonstrably used by the court in ascertaining if the children were without parental care and control were those found in OCGA § 15-11-81 (4) (B) (i), (iv), and (v).

The trial court very carefully and fully set out the facts of this case, as required by law, *In re J. L. L. & M. A. M.*, 179 Ga. App. 313 (346 SE2d 106) (1986), on which it made a determination based on the proper evidentiary standard.

On review, our duty is to decide whether "any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody were lost." *In re B. D. C.*, 256 Ga. 511, 513 (350 SE2d 444) (1986); *In re K. H.*, 179 Ga. App. 4, 9 (4) (345 SE2d 108) (1986).

Without detailing the facts as found, which are supported by the evidence, it suffices to point out that while investigating a complaint in 1982, the Georgia DHR found the youngest child P. F., then an infant of two months, suffering from life-threatening malnutrition. Since that time there has been a pattern of neglect, constant moving including frequent farming out of one or more of the children, unstable home life and filthy conditions where the children resided. A showing was made as to physical and sexual abuse of the children by the mother's live-in boyfriend, from whom the mother refused to disassociate herself. It was also brought out that the eldest daughter, B. M., when she was six, was made to watch her mother and her mother's boyfriend engage in sex and encouraged to go and do likewise. As a result the children suffered from emotional disturbances as well as physically and in their educational development.

There was evidence that since physical custody of the children had been taken from the mother in October 1985, they showed marked improvement with respect to their emotional problems and in their school performance. See *In re M. S.*, 181 Ga. App. 33, 34 (351 SE2d 523) (1986). During that same time the mother, although she had engaged in some desultory efforts to improve, had made little progress towards stabilizing her home life, keeping employed or improving her parenting skills. Over the course of the four and one-half years in which the Department of Family and Children Services had monitored the children's circumstances, the mother had manifested, and at times herself confirmed, an inability if not even a lack of desire

to cope with the children and their basic needs. As a result the court was authorized to conclude that the deprivation was likely to continue and not be remedied. *In the Interest of S. G. & T. G.*, 182 Ga. App. 95, 100-101 (354 SE2d 640) (1987).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 24, 1987.

*Marc E. Acree*, for appellant.

*Louis J. Kirby, Michael J. Bowers*, Attorney General, *Carol A. Cosgrove*, Senior Assistant Attorney General, for appellees.