76335. IN THE INTEREST OF A. T. et al.
(370 SE2d 48)

McMURRAY, Presiding Judge.

On November 12, 1987, the juvenile court entered an order terminating the parental rights of the natural parents of A. T., a female child born on January 4, 1984, and D. T., a male child born on December 12, 1982. It is from this order that the natural mother appeals. *Held*:

1. The appellant mother's first and second enumerations of error address the sufficiency of the evidence to support the order terminating her parental rights. " ' "[T]he appropriate standard of appellate review in a case where a parent's rights to his child have been severed is 'whether after reviewing the evidence in the light most favorable to

the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost.' " (Cits.)" *In the Interest of A. O. A.*, 172 Ga. App. 364, 365-366 (323 SE2d 208) (1984).' 'The factfinding and weighing of evidence is to be done in the trial court under the clear and convincing evidence test. The reviewing court is to defer to the lower court in the area of factfinding and should affirm unless the appellate standard of review . . . is not met.' *In re B. D. C.*, 256 Ga. 511, 513 (350 SE2d 444) (1986). ' " '(I)t is not proper to consider the question of termination of parental rights based solely upon a "welfare of the (child)" test, without some required showing of parental unfitness, caused either by intentional or unintentional misconduct resulting in abuse or neglect of the (child), or by what is tantamount to physical or mental incapability to care for the (child).' (Cit.)" (Cit.)' *In the Interest of T. A. L. & L. I. L.*, 177 Ga. App. 846, 847 (341 SE2d 496) (1986)." *In re A. N. Y.*, 181 Ga. App. 499 (353 SE2d 8).

There was clear and convincing evidence in the case sub judice that in January 1985 appellant had physically abused A. T. by burning and bruising her, as well as by withholding medical care after the injuries. A. T.'s injuries included extremely painful first, second and possibly third degree burns to the head and chest from a hot liquid. Although these burns were inflicted at 2:30 a.m. and, according to expert testimony, would have been obvious as a serious injury within a short period of time, A. T. was not presented for treatment until 10 p.m. Other, older burns, could not have been caused by hot fluid but were consistent with a hot round object being placed on the skin of the child's underarm area and the child's arm being pulled down on the hot object. The final serious injury consisted of bruises to the child's buttocks caused by a linear object such as a belt. Based on the hot liquid burns and withholding of medical treatment, appellant and her husband were tried and convicted of two counts of cruelty to children and appellant was sentenced to seven years confinement. On February 27, 1986, appellant was placed at the Macon Transitional Center. From this facility appellant was allowed 12-hour passes. Appellant visited her children twice, the last visit being in December 1986. Afterwards, appellant made no further effort to visit her children prior to the hearing date, October 7, 1987. (Appellant was released July 2, 1987.) Appellant did not write or send gifts to the children.

The severe physical abuse of A. T. shown by clear and convincing evidence, is undoubtedly that detrimental and egregious parental misconduct which justifies the termination of parental rights. *In the Interest of S. G. & T. G.*, 182 Ga. App. 95, 100, 101 (354 SE2d 640); *In the Interest of B. M.*, 184 Ga. App. 291 (361 SE2d 269). Although D. T. has not been the object of such abuse, the severe nature of the

abuse of A. T. combined with the lengthy and continuing neglect of both children, is sufficient to authorize the termination of appellant's parental rights in regard to D. T. The juvenile court did not err in considering appellant's conduct toward both of her minor children when deciding whether to terminate her parental rights to each child. See *In the Interest of D. S.*, 176 Ga. App. 482 (336 SE2d 358); *Madray v. Dept. of Human Resources*, 146 Ga. App. 762 (247 SE2d 579).

2. In her final enumeration of error, appellant contends the juvenile court erred in predicating its decision solely on the best interest of the children. OCGA § 15-11-81 (a) provides a two-step procedure to be followed in considering the termination of parental rights. First, the court shall determine whether there is present clear and convincing evidence of parental misconduct or inability as provided by OCGA § 15-11-81 (b). Secondly, "[i]f there is clear and convincing evidence of such parental misconduct or inability, the court shall then consider whether termination of parental rights is in the best interest of the child, . . ." OCGA § 15-11-81 (a). The juvenile court carefully followed the procedure provided by this statute. Therefore, this enumeration of error is without merit.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED MAY 31, 1988.

*Jack E. Carney, Jr.*, for appellant.
*Benjamin P. Brinson, Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General*, for appellees.