76502. IN THE INTEREST OF S. M.
(373 SE2d 280)

McMURRAY, Presiding Judge.

The mother of S. M. appeals from an order of the juvenile court terminating her parental rights in the child.

S. M. was born on April 10, 1982. On July 26, 1982, S. M. was placed in her first foster home. Thereafter, S. M. has been in the continuous custody of the DeKalb County Department of Family and Children Services.

Since the child has been in the custody of the department the mother has had a sporadic record of visitation. The mother had three visits in 1983, five visits in 1984, and two visits in 1985. The mother did not visit or make any attempt to see the child for a period of 20 months from April 1985 through December of 1986. All of the visits which did occur were due to the efforts of the department where the caseworker took the child to the mother's home.

During the years the child has been in the custody of the department, the mother has abused alcohol, failed to obtain employment, and failed to obtain a safe and stable home.

The department introduced evidence of 10 different case reviews and plans for improvement designed to facilitate the return of custody of S. M. to the mother. However, the mother made no progress toward the goals established therein.

Based on these facts, the juvenile court terminated the parental rights of the mother to S. M. The mother appeals from the judgment of the juvenile court. *Held*:

"The termination of parental rights is a decision of drastic significance which requires deliberate scrutiny and caution. *In re N. F. R.*, 179 Ga. App. 346, 348 (346 SE2d 121) (1986). It is done based only on clear and convincing evidence. *Blackburn v. Blackburn*, 249 Ga. 689, 694 (292 SE2d 821) (1982). On review of such a decision, the standard

is whether after viewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost. *Blackburn*, supra at 694." *In the Interest of J. L. Y.*, 184 Ga. App. 254, 255 (1) (361 SE2d 246). We find that the evidence in the transcript and detailed in the juvenile court's order constitutes clear and convincing evidence which authorized the juvenile court to reach its determination of parental misconduct or inability, and that termination is in the child's best interest. There is no lack of evidence as to the mother's present circumstances. There is clear and convincing evidence that the child's past deprivation will continue. Compare *In re N. F. R.*, 179 Ga. App. 346, 348, 349 (2) (346 SE2d 121). Contrary to the mother's contention the development of successive case plans for reuniting mother and child did not produce any deprivation of due process of law or conflict of interest. *In re J. S. C.*, 182 Ga. App. 721 (356 SE2d 754), may be distinguished on the facts. Also, the transcript and juvenile court's order show compliance with OCGA § 15-11-90 (a) and that there was no suitable family member with whom the child could have been placed. The juvenile court was authorized by the evidence to terminate the mother's parental rights in the child. OCGA § 15-11-81; *In re R. L. Y.*, 184 Ga. App. 69 (360 SE2d 636); *In the Interest of B. M.*, 184 Ga. App. 291 (361 SE2d 269); *In re G. M. N. & D. M. N.*, 183 Ga. App. 458 (359 SE2d 217); *In re J. L. L. & M. A. M.*, 179 Ga. App. 313 (346 SE2d 106).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 21, 1988.

*Chandler R. Bridges*, for appellant.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General*, for appellee.