## A90A1644. McQUEARY v. ATLANTA AIRLINES TERMINAL CORPORATION.
### (401 SE2d 333)

CARLEY, Judge.

Appellant-plaintiff brought suit against appellee-defendant, alleging claims for malicious arrest, malicious prosecution and false imprisonment. The trial court granted appellee's motion for summary judgment on all claims and appellant appeals.

1. Appellant urges that a genuine issue of material fact remains as to his claims for malicious arrest and malicious prosecution.

" 'Malicious prosecution differs from malicious arrest only in that in the former case there must be a carrying on of the prosecution.' [Cit.] In either action, however, it is essential to show [the absence of probable cause]. [Cits.]" *Hatcher v. Moree*, 133 Ga. App. 14 (1) (209 SE2d 708) (1974). Accordingly, if appellee met its burden of showing that no genuine issue of material fact remained as to the existence of probable cause for appellant's arrest and prosecution, the trial court correctly granted summary judgment as to those claims.

The evidence, construed most favorably for appellant, shows the following: On the date of his arrest, appellant was an airline pilot. In order to park in a special lot at the airport, he and other airline employees were required to show a valid employee identification card and to display a parking "medallion." The medallions were issued by appellee in its capacity as operator of the parking lot. Appellant had been issued medallion Number 02423. However, the medallion that was displayed on the rearview mirror of his automobile was numbered 03333. Appellant was detained at the gate to the parking lot because medallion Number 03333 had been reported as stolen. Appellant's only explanation for this suspicious circumstance was that he *had* been issued the displayed medallion by his employer about one month earlier. A police officer was called to the scene and, after it was determined that appellant had *not* been issued medallion Number 03333, he was arrested for theft by receiving stolen property. At the time of appellant's arrest, appellee was already in the process of swearing out warrants for the arrest of three others who had been found in possession of stolen medallions.

" 'Whether the circumstances alleged to show probable cause existed is a matter of fact, to be determined by the jury, but whether they amount to probable cause is a question of law for the court.' [Cits.] The material facts in this case were essentially undisputed. Therefore, whether or not probable cause existed was for determination by the court. [Cit.] . . . ' "[T]he question is, not whether [appellant] was guilty, but whether [appellee] had *reasonable cause to so believe* — whether the circumstances were such as to create in the mind of [appellee] a *reasonable belief* that there was probable cause

for the prosecution. (Cit.) Probable cause is defined to be the existence of such facts and circumstances as would excite the *belief* in a reasonable mind, that the person charged was guilty of the crime for which he was prosecuted." ' [Cit.]" (Emphasis in original.) *Melton v. LaCalamito*, 158 Ga. App. 820, 823-824 (2b) (282 SE2d 393) (1981).

Since it is undisputed that appellant *was* in possession of the recently stolen medallion, appellee correctly contends that "it could not be said that there was no reasonable cause to believe that [appellant] was guilty of a crime." *McMillan v. Day Realty Assoc.*, 159 Ga. App. 366, 367 (283 SE2d 298) (1981). Appellant, on the other hand, contends that appellee had an obligation to investigate *further* before actually arresting him. " 'The defendant is not necessarily required to verify his information, where it appears to be reliable; but where a reasonable man would investigate further before beginning the prosecution, he may be liable for failure to do so. All such factors as the reliability of the source, the availability of further information and the difficulty of obtaining it, the reputation of the accused, and his opportunity to offer an explanation, and the apparent necessity of prompt action, are to be considered in determining whether it was reasonable to act without verification.' [Cit.]" *Melton v. LaCalamito*, supra at 824 (2b).

The evidence is undisputed that, prior to the arrest, appellee *did* verify that the medallion possessed by appellant had been reported stolen *and* that appellant had been issued a different medallion. In these circumstances, appellee was clearly not *required* to believe appellant's explanation that he had been issued the medallion in his possession, which explanation was in fact untrue. See *Fisher v. Kentucky Fried Chicken*, 175 Ga. App. 542, 545 (333 SE2d 877) (1985). Compare *Melton v. LaCalamito*, supra at 824 (2b). Insofar as appellant's explanation implies his lack of knowledge that the medallion in his possession was one which had been stolen rather than the one which had been issued to him, such a lack of knowledge "was not capable of independent verification. . . . If there was probable cause to believe that appellant was [guilty of theft by receiving stolen property], appellee cannot be held civilly liable for requiring that a jury in a criminal proceeding determine the credibility of [his] explanation. . . . [Cit.]" *Arnold v. Eckerd Drugs of Ga.*, 183 Ga. App. 211, 212-13 (358 SE2d 632) (1987). Compare *Atlantic Zayre v. Meeks*, 194 Ga. App. 267, 269 (1) (390 SE2d 398) (1990). No genuine issue of material fact remains as to the existence of probable cause for appellant's arrest.

Appellant urges a genuine issue of material fact nevertheless remains as to his malicious prosecution claim because, "subsequent to [his] arrest, appellee acquired further information tending to show that its earlier assessment of the existence of probable cause was erro-

neous. [Cit.]" *Arnold v. Eckerd Drugs of Ga.,* supra at 213. In this regard, appellant relies upon the fact that the medallion which had been issued to him was found in another car shortly after his arrest. However, this only raises the inference that the actual medallion which had been issued to him had been lost, stolen, sold or given away. It does not provide an exculpatory explanation for appellant's possession of the stolen medallion. What it does provide is a possible motive for appellant's procurement of a stolen medallion since appellee charged $25 or $35 for replacement medallions. Appellant also relies upon a subsequent, general report received by appellee regarding the existence of a scheme whereby medallions would be taken from vehicles and replaced by stolen or lost medallions. However, this evidence in no way indicates that appellant was necessarily a victim of this scheme rather than a participant therein. Moreover, although there is no evidence regarding the timeliness, the extent or the success of any further investigation of the report by appellee, the evidence does show that a nol. pros. was entered less than three months after appellant's arrest and less than two months after the accusation was filed. There is no evidence of appellee's receipt of further information tending to show error in the earlier assessment of *probable cause* for appellant's prosecution, as opposed to his *guilt.* " 'The mere fact that the prosecution was abandoned . . . is not sufficient to prove malice or want of probable cause.' [Cit.]" *Sloan v. Glaze,* 72 Ga. App. 415, 419 (5) (33 SE2d 846) (1945).

"The uncontroverted evidence clearly shows the existence of probable cause for the arrest and prosecution of [appellant]. [Cits.] The existence of probable cause defeats [appellant's] action for false arrest and malicious prosecution. [Cits.]" *Nunnally v. Revco Discount &c. of Ga.,* 170 Ga. App. 320 (1) (316 SE2d 608) (1984).

2. "Although the [grant] of [appellee's] motion [on appellant's claim for false imprisonment] was enumerated as error, the arguments of both sides were devoted exclusively to the [malicious arrest and malicious prosecution claims]. Under Rule [15] (c) (2) of this court ([cit.]), enumerations of error not supported by argument or citation of authority are deemed abandoned. . . . The [grant] of [appellee's] summary judgment motion [on appellant's claim for false imprisonment] will, therefore, not be considered." *Baker v. NEI Corp.,* 144 Ga. App. 165, 167 (2) (241 SE2d 4) (1977).

3. Appellant's remaining enumerations of error have been rendered moot by our holding in Division 1.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 10, 1991.

Oliver, Duckworth, Sparger & Winkle, David P. Winkle, for appellant.

Long, Weinberg, Ansley & Wheeler, James S. Strawinski, Yvette M. Chapman, for appellee.