A91A1279. IN THE INTEREST OF J. R. et al., children.
(410 SE2d 458)

McMURRAY, Presiding Judge.

The Georgia Department of Human Resources, by and through the Glynn County Department of Family & Children's Services (DFACS), filed a petition to terminate the parental rights of the natural mother (appellant) of J. R., born on May 18, 1989, and A. R., born on June 5, 1990. An attorney was named and appointed guardian ad litem of the minor children pursuant to OCGA § 15-11-85 (a) and he recommended terminating appellant's parental rights, alleging facts supporting his recommendation. After a hearing on the petition for termination of parental rights, the juvenile court entered findings of fact and conclusions of law and terminated appellant's parental rights with regard to J. R. and A. R. This appeal followed. *Held*:

1. Appellant contends the evidence was insufficient to support a termination of her parental rights.

" ' " "(T)he appropriate standard of appellate review in a case where a parent's rights to his child have been severed is "whether

after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost." ' (Cits.)" *In the Interest of A. O. A.*, 172 Ga. App. 364, 365-366 (323 SE2d 208) (1984). "The factfinding and weighing of evidence is to be done in the trial court under the clear and convincing evidence test. The reviewing court is to defer to the lower court in the area of factfinding and should affirm unless the appellate standard of review . . . is not met." *In re B. D. C.*, 256 Ga. 511, 513 (350 SE2d 444) (1986). " ' "(I)t is not proper to consider the question of termination of parental rights based solely upon a 'welfare of the (child)' test, without some required showing of parental unfitness, caused either by intentional or unintentional misconduct resulting in abuse or neglect of the (child), or by what is tantamount to physical or mental incapability to care for the (child)." (Cit.)' (Cit.)" *In the Interest of T. A. L. & L. I. L.*, 177 Ga. App. 846, 847 (341 SE2d 496) (1986).' *In re A. N. Y.*, 181 Ga. App. 499 (353 SE2d 8)." *In the Interest of A. T.*, 187 Ga. App. 299 (1) (370 SE2d 48).

In the case sub judice, the evidence reveals that J. R. and A. R. were conceived after their mother exchanged sex for drugs with the same unidentified man; that J. R. contracted syphilis in utero; that A. R. received no prenatal care; that appellant consumed cocaine two days before A. R.'s birth; that appellant is a drug addict; that appellant is a convicted felon and that appellant often prostituted her body. The evidence further reveals that J. R. and A. R. have been in DFACS custody since infancy due to the presence of cocaine in their bodies; that appellant has four other minor children under DFACS supervision and that appellant has failed to comply with court-ordered DFACS guidelines aimed at reuniting appellant with her children, i.e., appellant has not provided DFACS with a home address, she has avoided contact with a DFACS caseworker, she has failed to attend regularly scheduled drug rehabilitation treatments, she has failed to consistently pay child support of $1 per week, she has failed to establish a suitable home for her children, she has rarely visited J. R. and she has never visited A. R. This clear and convincing evidence authorizes a finding that appellant's intentional misconduct has caused abuse and neglect to her children and that the abuse and neglect is likely to continue. Nonetheless, appellant argues that evidence of her recent transformation through the assistance of a religious organization "leaves no doubt as to how far she has come in a short time, and how eager she is to continue to create a productive environment for rearing her children."

The trial court must determine whether a parent's conduct warrants hope of rehabilitation, not an appellate court. *In the Interest of A. T.*, 187 Ga. App. 299 (1), supra. In the case sub judice, evidence of

appellant's recent interest in church-related activities is warmly received. However, it does not change clear and convincing proof supporting the juvenile court's finding that the abuse and neglect of J. R. and A. R. is likely to continue. See *In the Interest of J. L. Y.*, 184 Ga. App. 254, 255 (2), 257 (361 SE2d 246). Appellant has failed to regularly visit or support J. R. and A. R. and she has repeatedly rejected and ignored DFACS services and encouragement for parental rehabilitation. Further, the record reveals that the unknown father's parental rights have been terminated and that no other family members are willing or able to support and care for A. R. and J. R. Under these circumstances, we cannot say the juvenile court erred in terminating appellant's parental rights with regard to J. R. and A. R. See *In the Interest of G. K. J.*, 187 Ga. App. 443 (2), 444 (3) (370 SE2d 490).

2. Appellant contends the juvenile court erred in failing to dismiss the petition for termination of parental rights because the petition misstated A. R.'s date of birth. The enumeration raises no harmful error.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 13, 1991.

*R. Dean Weiss*, for appellant.
*Lane, Tucker & Crowe, Robert L. Crowe, James A. Chamberlin, Jr., Michael J. Bowers*, Attorney General, *Margot M. Cairnes*, Staff Attorney, for appellee.