A91A2195, A91A2196. IN THE INTEREST OF M. J. G. et al., children.
(416 SE2d 796)

ANDREWS, Judge.

These two cases are the separate appeals of the mother and father of M. J. G. and R. D. G. from an order of the juvenile court of Newton County terminating their parental rights in their children under OCGA § 5-11-81. The petition was brought by the Bartow County Department of Family & Children Services (BCDFCS) under OCGA § 15-11-2 (8), after the department had had temporary custody of the children for more than four years. The petition alleged, among other things, that the children were deprived of the parental care and control necessary for their physical, mental, or emotional health or morals, that such deprivation was likely to continue and that both parents had a medically verifiable deficiency in their mental and emotional health such that they were unable to provide adequately for the needs of the children.

Appellants moved from Bartow County to Newton County and in August 1990 filed a motion to change the venue of the case to the Juvenile Court of Newton County, which motion was granted.

After a hearing, the juvenile court found the following. In October 1985, after M. J. G. had suffered a skull and other fractures, a protective services case was opened regarding the child by BCDFCS. Eight months later, in June 1986, M. J. G. was taken to the hospital

in a comatose condition and found to be suffering from a number of medical problems including a hematoma on her skull and a rib fracture. Thereafter, BCDFCS filed a deprivation action and obtained legal custody of M. J. G. and she was placed in a foster home.

In December 1986, a second child, R. D. G., was born. A separate deprivation action was filed, BCDFCS obtained custody of the child on December 31, 1986, and the child was placed in foster care immediately. After a brief attempt at placing R. D. G. in a foster home with relatives of the parents failed, the child was placed in the same foster home as M. J. G., where both children have remained. At the hearing, the court found that both children had become emotionally attached to their foster parents.

Case plans focusing on counseling, visitation and payment of child support were developed for appellants on several occasions during the four-year period the children spent in the foster home. Despite the counseling, in 1987, appellant father broke appellant mother's jaw. In March 1989, the court conducted a judicial review of the case and entered a court ordered case plan designed to reunite the family. That plan included the requirement that appellants submit to psychological evaluations and counseling, that they visit their children every other week and that they pay child support. At the termination hearing, the juvenile court determined that although appellants performed well under the plan at the outset, ultimately they failed to fulfill their court imposed obligations. For instance, despite the father's various jobs, between May 1989 and January 1991, appellants paid a total of $10 child support. (This was the weekly required amount of child support, although only one-half of the court imposed weekly amount which also included arrearage payment.) They exercised their visitation rights sporadically.

A number of psychological evaluations was performed on appellants and the juvenile court found during the termination hearing that they suffer from a medically verifiable deficiency of mental and emotional health such that they are unable to provide for the physical, mental, emotional or moral condition and needs of the children. The court also found that the counseling which they had received had not significantly changed their psychological health for the better. In addition, the court found that the children were deprived, that the cause of such deprivation was the lack of proper parental care or control, that the deprivation had caused serious physical, mental, emotional or moral harm to the children, and that the deprivation was likely to continue and was unlikely to be remedied and that termination of parental rights was in the best interest of the children.

## Case No. A91A2195

1. Case No. A91A2195 is the appeal of appellant father. In his first enumeration of error, he claims that the transfer of the case from Bartow to Newton County was improper since the latter court did not have custody of the children.

Without even addressing the specific venue provisions of OCGA § 15-11-15, we find that appellants are estopped from raising this issue. The case was transferred from Bartow County, where it was originally filed, to Newton County pursuant to *appellants' own* motion. It is established that venue rights can be waived and appellants waived any objection to venue in Newton County when they moved that the venue be transferred to that county. See generally *Holcomb v. Ellis*, 259 Ga. 625 (385 SE2d 670) (1989); see also OCGA § 9-11-46.

2. In both his second and third enumerations of error, appellant father challenges the sufficiency of the evidence. Specifically, in his second enumeration of error, he claims that the trial court erred in finding that BCDFCS made reasonable efforts to reunite the family and claims that reasonable efforts mandated under federal law were not followed. "On review, our duty is to decide whether any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody were lost." (Citations and quotations omitted.) *In the Interest of B. M.*, 184 Ga. App. 291, 292 (361 SE2d 269) (1987); see also *In the Interest of K. P. E.*, 196 Ga. App. 759 (397 SE2d 39) (1990). Appellant's arguments in this enumeration are unsupported by the evidence and have no merit.

3. In his third enumeration of error, appellant claims that the trial court erred in finding that there was clear and convincing evidence of parental misconduct or inability as required by OCGA § 15-11-81. Citing *In re N. F. R.*, 179 Ga. App. 346 (346 SE2d 121) (1986), appellant argues, among other things, that his parental conduct was not egregious and that there was insufficient evidence of his individual present unfitness.

We do not agree and find that there was clear and convincing evidence before the court on which termination of appellant father's parental rights could be based and thus the trial court's decision with respect to the father is affirmed. See *In the Interest of A. L. T.*, 198 Ga. App. 477 (402 SE2d 97) (1991); *In the Interest of A. T.*, 187 Ga. App. 299 (1) (370 SE2d 48) (1988).

## Case No. A91A2196

4. In her first enumeration of error, appellant mother states that she incorporates all of the father's enumerations. To the extent that the discussion above requires no further specific argument by the

mother, this enumeration is without merit for the reasons outlined above. To the extent that the enumerations above required specific argument, these enumerations are deemed abandoned since they are unsupported by argument or citation of authority. See Court of Appeals Rule 15 (c) (2); *McQueary v. Atlanta Airlines Terminal Corp.,* 198 Ga. App. 318, 320 (2) (401 SE2d 333) (1991).

5. Appellant mother's second, third and fourth enumerations are supported by one general citation regarding parental rights termination, but are unsupported by any specific argument or citation of authority and are deemed abandoned. Court of Appeals Rule 15 (c) (2); *McQueary,* supra.

*Judgments affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 2, 1992 —
RECONSIDERATION DENIED MARCH 19, 1992 —

*The Johnson Firm, Horace J. Johnson, Joab L. Kunin,* for appellants.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Margot M. Cairnes, Staff Attorney, Vaughan & Tilley, Velma C. Tilley,* for appellee.