A93A1696. IN THE INTEREST OF J. H., a child.
(435 SE2d 753)

POPE, Chief Judge.
Appellant appeals from an order of the Juvenile Court of Fulton County terminating her parental rights with respect to her son J. H. The juvenile court also terminated the parental rights of the putative father of J. H., but no appeal has been taken from that portion of the juvenile court's order.

The record shows that J. H. was determined to be a deprived child and placed in the custody of the Department of Family & Children Services (DFCS) when he was approximately four months old. Appellant, who had been hospitalized approximately one month before J. H.'s birth, was observed to be delusional both before and after J. H. was born, had at that time been unemployed for approximately ten years and had been homeless for approximately three years. Appellant also had a history of involuntary hospitalizations because of mental illness beginning in approximately 1989.

J. H. was approximately 15 months old at the time of the termination hearing. At that hearing evidence was presented that appellant, who was still unemployed and living in a women's shelter, had been evaluated by Dr. Hilary Slavin, a clinical psychologist, who diagnosed appellant as suffering from "[s]chizophrenia of paranoid type, chronic with acute exacerbation." Dr. Slavin determined appellant's intelligence to be in the low average range. Dr. Slavin testified that appellant was actively delusional and that she had been delusional for at least three years. The witness further testified that appellant needed in-patient treatment for her mental illness and that if she received the appropriate medication for her illness there was the possibility of some improvement, but that as long as appellant remained unmedicated and untreated her prognosis was poor, with her condition remaining the same or getting worse. Dr. Slavin testified appellant was unable to take care of her child because of her mental illness,

that the child would be in danger if placed in appellant's care, and that it was likely that this situation would continue in the immediate future. Dr. Slavin testified and also recommended in a written evaluation which was admitted into evidence at trial that termination of appellant's parental rights be considered, based on her "history of chronic psychosis with paranoid delusions and her documented unwillingness to cooperate with treatment."

Irene Neely, a caseworker with Fulton County DFCS, also testified at the hearing. According to Neely, appellant did visit with her child on a regular basis, but she was not in touch with the child's feelings or needs. According to Ms. Neely, appellant's behavior when she was around the child caused the child to become upset. Ms. Neely tried to explain to appellant that her behavior was upsetting to the child and to suggest ways in which appellant could act more appropriately around J. H., but that appellant resisted such efforts. According to Neely appellant expressed her delusions to J. H. and assigned "roles and development" to the child which were beyond his years and ability to understand. In Neely's opinion appellant could not take care of her child because of her impaired judgment and mental problems. Neely testified that at some point appellant had been hospitalized and received medication but that her impression from talking to appellant during this time was that the medication did not prevent appellant from being delusional.

Appellant also testified at the termination hearing. Although appellant could at times respond appropriately to the questions posed to her, the transcript shows that appellant would quickly deviate from the subject at hand. A large part of appellant's testimony was unresponsive and "incredible," and gave striking insight into her obviously deeply entrenched delusional system. The juvenile judge repeatedly directed appellant to respond to the questions asked, and the judge also questioned appellant in an attempt to gain pertinent and relevant information from her. Appellant repeatedly indicated that she was not going to take medication for her mental illness, that she did not believe that she required such medication, and that in the past she had been poisoned by medication given to her while she was hospitalized because of her mental illness.

At the conclusion of the hearing the juvenile judge announced her intention to terminate the putative father's parental rights but indicated she was going to reserve judgment on the issue of the termination of appellant's parental rights, pending an independent psychiatric examination of appellant. The court directed that the record remain open so that such an examination could be conducted, and a limited hearing was subsequently held in order to place the findings of the examination in the record. At that second hearing, the parties stipulated that the written findings of Dr. Ann McNeer, who per-

formed the second evaluation of appellant, be made a part of the record, but that Dr. McNeer would not be called to testify. Dr. McNeer's findings indicated that appellant was "irritable, actively delusional, and on no medications [when interviewed]. She had pressured speech and demonstrated difficulty staying on topics — especially those about which she held no delusional beliefs." During the interview, appellant denied that she was mentally ill and demonstrated many of the same delusional beliefs which were apparent when she testified at the termination hearing. She also reiterated her refusal to take medication for her illness. Dr. McNeer noted, however, that despite her delusions, "when asked to focus on questions having to do with parenting, [appellant] became noticeably more coherent and rational." However, the report further indicated that "[w]hen allowed to ramble and talk about the child's dietary and medical needs, [appellant's] judgment deteriorated." As an example, Dr. McNeer noted that "[appellant] is convinced that her child has been abused and this fact, along with an attempt to sell the child, has been covered-up." Dr. McNeer summarized her findings as follows: "[Appellant] is a very concerned mother who is seeking reunification with her child. She possesses adequate intellectual capabilities to learn parenting skills and has absorbed quite a bit of parenting information from her mandated classes as well as prior education. Despite her knowledge, [appellant] has been unable to interact appropriately with her son during supervised visits or keep her delusional material separate from her maternal responsibilities. Additionally, she is currently unable to see the child as an entity separate from herself with needs which may not conform to her wishes. She is, therefore, at risk for making poor decisions on the child's behalf, based upon her own needs and delusional beliefs. Given [appellant's] current mental state and her unwillingness to accept a psychiatric diagnosis and consequent treatment for mental illness, it is unlikely that her condition will improve in the foreseeable future. Additionally, records documenting a prior trial of involuntary medication indicate no improvement in factors currently affecting her ability to parent effectively. Should a full treatment regimen later be accepted/successful and [appellant] become less influenced by her delusions, a re-evaluation should be performed concerning her abilities to parent any children then in question."

Following the second hearing, the trial court entered an order terminating the parental rights of both appellant and the putative father of J. H. It is from that order that appellant brings the present appeal to this court.

1. In her first, third and fourth enumerations of error, appellant challenges the sufficiency of the evidence to support the termination of her parental rights.

" '(T)he appropriate standard of appellate review in a case where a parent's rights to [her] child have been severed is "whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost." ' [Cits.]" *In the Interest of A. O. A.*, 172 Ga. App. 364, 365-366 (323 SE2d 208) (1984). "The factfinding and weighing of evidence is to be done in the trial court under the clear and convincing evidence test. The reviewing court is to defer to the lower court in the area of factfinding and should affirm unless the appellate standard of review . . . is not met." *In re B. D. C.*, 256 Ga. 511, 513 (350 SE2d 444) (1986). " ' "(I)t is not proper to consider the question of termination of parental rights based solely upon a 'welfare of the (child)' test, without some required showing of parental unfitness, caused either by intentional or unintentional misconduct resulting in abuse or neglect of the (child), *or by what is tantamount to physical or mental incapacity to care for the (child).*" (Cit.)' [Cit.]" (Emphasis supplied.) *In the Interest of T. A. L & L. I. L.*, 177 Ga. App. 846, 847 (341 SE2d 496) (1986).

"There was clear and convincing evidence in the instant case that appellant is mentally and emotionally incapable of caring for her child. See generally *In re S. R. J.*, 176 Ga. App. 685 (337 SE2d 444) (1985); *In the Interest of T. R. G.*, 162 Ga. App. 177 (290 SE2d 523) (1982). 'The trial court's order contained detailed findings which supported the conclusions necessary to justify the termination of appellant's parental rights. Those findings were supported by clear and convincing evidence. (Cit.)' *In re D. C. & J. T. C.*, 176 Ga. App. 30, 32 (335 SE2d 148) (1985). '(T)he trial court specifically found that the deprivation of the (child) was continuing and was likely to continue into the future. There is sufficient "clear and convincing evidence" to support that finding. (Cit.)' . . . *In the Interest of T. A. L. & L. I. L.*, supra at 847. Accordingly, the trial court did not err in terminating appellant's parental rights." (Emphasis deleted.) *In re A. N. Y.*, 181 Ga. App. 499 (353 SE2d 8) (1987). See also *In the Interest of J. R.*, 202 Ga. App. 418 (414 SE2d 540) (1992).

2. Appellant's contentions concerning actions or inactions taken by her former attorneys are unsupported by the record and without merit.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 14, 1993.

*Murray Leizman*, for appellant.
*Michael J. Bowers, Attorney General, William C. Joy, Senior*

*Assistant Attorney General, Teresa E. Lazzaroni, Staff Attorney, Robert E. Hall*, for appellee.